The opinion of the Court was delivered by
Tilghman C. J.
Negro Bell was registered by William, Greason, on his oath as being born of his negro slave named Hannah, on the 9th March, 1796. The oath was' taken before William Lyon, deputy clerk of the peace of the county of Cumberland, and the only question is, whether the deputy clerk had power to administer the oath. In all other respects the registry is confessed to be agreeable to the act “ explain and amend the act for the gradual abolition of slavery,” under which it was made. By this act the clerk of the peace is authorised and required to administer the oath; and as it was well known that it was usual /or the clerks of the peace to appoint deputies, there, can be no doubt but it was the intent of the act, that in such case, the deputy should administer these oaths. Any other construction might be attended with extreme inconvenience, for the registry was to be made within six months of the birth of the child,' otherwise it was void; and where a deputy is appointed, the principal is often absent. In general where a deputy is appointed, he has the whole power of the principal, and there *334 can be no reason why the power of administering an oath should be withheld. Mr. Lyon was de facto exercising all the powers of his principal; this was seen, and supposed to lawful by all the people of the county, who would be drawn into a snare, should they trust to his authority, and afterwards be told, that in this particular instance he was without power. In the case of Parker v. Kett, 12 Mod. 467, Lord Holt, in delivering his opinion, that the act of a deputy steward was good, thus expresses himself. “ I go upon this ground, that A, B, being deputy of the steward, is thereby invested with all the power, and may do all such acts as his principal could do; for the nature of deputation is, to convey all the power of the principal, without any reservation or restriction.” It is certain then, that Mr. Lyon had all the power of his principal, as far as the principal could transfer it; and as to the legislature, the best construction will be, to understand their act, according to general usage and convenience. As far as I have been able to ascertain this usage, it has been for the deputy clerk to administer oaths where his principal could do it. I am therefore of opinion, that Mr. Lyon did not exceed his lawful authority in the present instance, and consequently the registry of the negro Bell was good.
Relator remanded: