The opinion of the court-was delivered by
Huston, J.
The record presented the following case: —
“ Record of Common Pleas of Dauphin county: The Commonwealth, for John Mien, &c., v. James Allen and C. Finney. Scire Facias on recognisance: 20th of December, 1819. Defendants confessed judgment for one thousand five hundred and four dollars and forty-nine cents.” ,
On the docket, immediately below this, was thé following entry:—
“ January 7th, 1820, Samuel Finney, of West Hanover township, bound in three thousand and eight dollars and ninety-eight cents, conditioned for the payment of the debt, interest, and costs.

“ Samuel Finney.

"Attest, James ¿2. Chambers.”
On this a scire facias issued, tested 23d February, 1823. The scire facias recited the above suit and .the above recognisance of Samuel Finney, &c. &c., pleas, payment with leave, &c., mil tiel record and issues. A jury was sworn, and the plaintiff offered the record of the suit and judgment above of the 20th of Decernher, 1819, and the above entry, in evidence to the court on the issue in law; and to the jury to ascertain the amount and date, on issue in fact. The court decided it was no recognisance, and not evidence to support either issue of law or fact, either to court or jury. To this exception was taken.
By the 7th section of the act of the 21st of March, 1S06, it is enacted, 61 That in all suits instituted by capias or summons, in any court of record in this commonwealth, the writ of execution shall be stayed on the judgment, whether it is obtained by the confession of the defendant, by report of referees, or by verdict of a jury, if the judgment shall not exceed two hundred dollars, six months: if not exceeding four hundred dollars, nine months; and, if exceeding four hundred dollars, twelve months, &c., if the defendant in the opinion of the court is possessed of a freehold estate, worth the amount of such judgment, clear of all incumbrances: but if the defendant is not a freeholder, as aforesaid, execution may issue immediately, unless the defendant shall enter surety in the nature of special bail, in which case there shall be stay of execution for thirty days; and if at or before the expiration of that term, the defendant shall give security for the amount of debt, interest, and costs, such defendant shall be entitled to the same stay of execution as if he was a freeholder.” On this latter' clause the dispute arose. The kind of-security is not mentioned; nor whether it shall be by bond or recognisance; whether on the ■docket or in pais; whether it shall be' filed, in the prothonotary’s *284 office or kept by the plaintiff. The practice has been géneral to enter it on the docket, and for the surety to sign it. It is in some counties drawn more at large, and stated to be for the purpose of obtaining for the defendant the stay of execution allowed by law. In some countiés it is taken in double the amount of debt; in some in the amount, and in some it is, “ becomes security for'debt, interest, and costs.” - Where the stipulation is entered on the docket annexed to the suit, atid the money not paid at the expiration of the stay of execution, scire facias or debt have been broug-ht promiscuously. ' v
If the security is by recognisance, it may be sued by scire facias. This was not denied in this case, but- the recognisance is said to be defective, or rather that this is no recognisance.
Wherever, in the practice of any court, a certain process is often repeated, as entering special bail in the Court of Common Pleas, or bail to prosecute, or to appear and answer in the sessions, and in many other instances, the officer in every court takes at the time but a short note of it, though he repeats the recognisance verbally at large to those entering into it. This short note may be enlarged -when the record is to be made up into a full recognisance. This, I’think, is the practice of all courts; and if the entry by the officer at the time is sufficient to show what the obligation entered into really was, it is sufficient. The Commonwealth v. Emery, 2 Binn. 431. In taking special bail, this form is universal, and has not yet been disputed. The kind of obligation in this -case is very common, and there have been but few questions on it: but we live in an age where every thing is with some people questionable. To a man unacquainted with the act-above recited, and the practice under it, the entry in question might appear strange; but no lawyer in this state can mistake it. The man who enters into it understands it; the plaintiff understands it, and is delayed by it; the defendant gets the advantage of it: but the court are asked to say it had no meaning nor effect. It shows what S. Finny agreed to do- — the amount of his obligation: its situation, annexed to the suit, is not to be overlooked. Without this, all notes of recognisances of special bail would be unintelligible: it is from their position on the docket we know ia what suit they are taken. With us the record is never made up at large and enrolled. When the record is wantedpn another court, it was the practice at one time to draw all those short notes of recognisances, &c. &c., out at large; but that is seldom done at present, — I might say never, unless the record is to go to another state, and not often then. If the short entry on the docket is sufficient in the court where it was made, it is sufficient in every other court in the state.
The entry then is as full, and more so, than what is made when a man goes special bail, or when he enters bail in a criminal court for the appearance of the defendant at next term; in neither of which the condition is ever set out on the minutes of the court or on the *285 docket to which those minutes are transferred. The sum here is double the judgment. Enough of the condition appears to show that Finney was not special bail, but security for debt, interest, ■and costs. Courts must take notice pf bur acts of assembly- — it would be affectation to pretend we had any doubt that this was an engagement under the act above cited. We see no reason why tbs whole condition should be stated'at large under this act, and not be necessary in any other recognisance’of bail; and wé think enough appears in this case to justify the officer in drawing it up at large, or'the court, under our practice, to consider it as if drawn up at large.
Another objection was taken, — that the prothonotary did not appear to .have been personally present, though his deputy and clerk, who it is admitted transacted all the business of the office, was* and attests it. ■ _ , .
Much learning, useless in this case, was 'exhibited in proving that a recognizance must be taken in a court, or before a judge, — - and, of course, could not be before a deputy. Our act of 1791, section 12, expressly gives to the prothonotaries of the several courts powers to take bail, &c. It has never been questioned, nor can it, that a prothonotary may make a deputy, and a deputy may do all acts which his principal can, do. The Commonwealth v. Grayson, 5 Serg. & Rawle, 333.
Judgment reversed, and a venire facias de novo awarded..