1810.

SULGER
*v.*
DENNIS.

---

The Commonwealth *against* EMERY.

IN ERROR.

UPON error to the Common Pleas of *Philadelphia* county the case was thus:

The action was debt upon a recognisance in 2000 dollars, entered into by the defendant before alderman *Keppele*, and conditioned for the appearance of *Stephen Austin*, at the next Mayor's Court for the city of *Philadelphia*, to answer to a charge of conspiracy &c. Plea, *Nil debet.*

At the trial in the Common Pleas, the attorney for the commonwealth gave in evidence the docquet of alderman *Keppele*, in which was entered the following memorandum.

Philadelphia,
Saturday,
March 31.

The short minutes of a recognisance taken by a magistrate, and returned by him into court, where the recognisance was forfeited, may be given in evidence to maintain an action on the recognisance, provided they substantially shew the amount and condition, and that the party was bound to the commonwealth.

| *Commonwealth* *v.* *Stephen Austin* and *Eliza Burns.* | *Sur* charge founded on oath of *George Reinholdt*, that they have entered into a conspiracy with an intention of extorting money from him &c. |
|---|---|

2 B   431
30 SC  365

1810.

COMMON-
WEALTH
v.
EMERY.

| | |
|---|---|
| *Stephen Austin* in 2000 drs. *Samuel Emery* in 2000 drs. | On condition that *Stephen Austin* be and appear at the next Mayor's Court to answer. |

3 *Nov.* 1807.

(signed)     *S. Austin.*
                  *Saml. Emery.*

He also gave in evidence, a certificate under the hand and seal of the clerk of the Mayor's Court, that the above recognisances were returned to the Mayor's Court by alderman *Keppele* on the 5th of *November* 1807, and remained filed of record therein; and that on the 13th of *November* 1807, the recognisance of *Emery* was forfeited in the Mayor's Court, for his default in not bringing forth the body of *Austin*. This certificate described the recognisances, as they appeared in the alderman's docquet, except that the word *in*, after the names of *Stephen Austin* and *Samuel Emery*, was omitted.

The court charged the jury, that this evidence was not sufficient to support the action, and the plaintiff tendered a bill of exceptions.

*C. J. Ingersoll* and *Sergeant* for the plaintiff in error. The objections to the evidence are, that the memorandum is not a recognisance, but a loose note of no authority; that it wants words of obligation; and that it does not appear to have been made to the commonwealth. A recognisance is a verbal acknowledgment of debt, before some court or officer having authority. It is not requisite that it should be reduced to form, and signed by the party, because it is a matter of record so soon as it is taken and acknowledged, although it be not made up. A short note, such as "*A. B.* in "40*l.* to appear &c." is sufficient to make the record from. 4 *Burn's Just.* 84. 18*th ed.* The practice is for the justice to repeat the words to the parties, who say they are content; and afterwards he certifies it to the proper court. In *England* it is certified in form. In this state it is not. The magistrate universally certifies his memoranda, putting all that he has taken on one paper, and signing his name at bottom. But his signature is never essential, it being only for the satisfaction of the court. Form is dispensed with, and nothing is required but substance, which this recognisance has. It has the

amount, and the condition set out. It is made to the commonwealth, because the title of the prosecution is put above, shewing it to have been taken in that suit; and although the word "bound" is not inserted, yet the amount, and the condition necessarily imply an obligation. It is impossible to mistake the meaning, and that is all we want.

*Condy* and *McKean* for the defendant in error. A recognisance is a bond of record, to which writing is essential; and although it may be made up from a note or memorandum, yet the note is not the recognisance. The recognisance is the acknowledgment reduced to form, and signed by the magistrate; and the act of *December* 9, 1783, requires that this itself, and not a loose note of it, shall be certified. 2 *St. Laws* 167. The memorandum given in evidence has not even the substantial parts of a recognisance about it. In order to bind a party, there must be words of obligation, to owe or to be bound. But the memorandum has nothing of it. In the clerk's certificate, which gives the recognisance on which action was brought, that is, the forfeited recognisance, the word *in* contained in the alderman's docquet, does not appear; so that it stands, "*Samuel Emery*, 2000 drs." still less certain than the original note. Nor does the acknowledgment appear to have been made to the commonwealth. It may have been made to the prosecutor, whose name as well as the title of the prosecution, precedes the note. It is sufficient however that it does not appear how it was. To say that the meaning is certain, notwithstanding these omissions, is to take an inference for a fact. It is not certain, because the memorandum may receive various constructions; and besides, it is not the meaning of what is written, but of what is omitted, that is in controversy; and if substance is omitted, certainly it is no recognisance.

TILGHMAN C. J. after stating the bill of exceptions, delivered his opinion as follows:

There is no doubt but the alderman had power to take the recognisance, nor has any question been made on that point. The objections are, that the evidence given to the jury was not a recognisance, but only a loose note, by which it did not appear that the defendant was bound to the com-

monwealth, or bound at all, and that it was not signed by the alderman. A recognisance is a debt of record, entered into before some court, judge, or magistrate, having authority to take the same. By the act for establishing courts of judicature, passed in the year 1722, justices of the peace, in or out of sessions, are authorized to take all manner of recognisances and obligations, which any justice of the peace of *Great Britain* may do; and when the recognisances are taken out of sessions, they are to be certified to the next general sessions of the peace. In the city of *Philadelphia*, the aldermen have all the authority of justices of the peace, and recognisances taken by them are certified to the Mayor's Court. The manner of taking a recognisance is, that the magistrate repeats to the recognisors the obligation into which they are to enter, and the *condition of it, at large*, and asks them if they are content. He makes a short memorandum, which it is not necessary that they should sign, although a custom has lately taken place in this city, for the recognisors to sign their names. From this short minute, the magistrate may afterwards draw up the recognisance in full form, and certify it to the court. This is the most regular and proper way of proceeding. But the general, and almost the universal practice is, to certify either the original, or a copy, of the short memorandum. The justices and aldermen usually certify in this manner all recognisances taken by them and returnable to one court, and sign one general certificate relating to them all. In the present case, both the original memorandum, and a certified copy of the return to the Mayor's Court, were given in evidence; and it appears to me that the evidence was sufficient to support the action.

In all countries there are particular modes of doing business, which are known and regarded by their courts. Our courts and justices transact their business with much less form than in *England*. By this we save much expense, although we are sometimes subject to ill consequences arising from uncertainty. In this commonwealth, the records of the courts of justice, consist principally of short entries, not reduced to form. It is sufficient if these entries contain substance capable of being worked into form. I think it reasonable to apply the same rule to recognisances taken by magistrates out of court. The question will then be, whether the

memorandum given in evidence in this case, contained substance sufficient to be drawn into a formal recognisance? I think it did. It contained the sum in which the recognisors were bound, and the nature of the condition. It was entitled *The Commonwealth* v. *Austin,* and the crime with which he was charged, was sufficiently mentioned. From all this it is evident that the recognisors were bound to the commonwealth, although it is not expressly said so. I should not be for confirming any illegal practice of justices of the peace, or any practice not expressly sanctioned by law, which might be attended with dangerous consequences. But I see nothing illegal or dangerous in their practice of taking and certifying recognisances by short minutes, or in permiting those minutes to be given in evidence to juries, as often as questions arise on the recognisances. Whether they contain sufficient substance, will always be open to inquiry. In the case now before us, I think the papers offered in evidence, did substantially support the issue joined on the part of the commonwealth; and I am therefore of opinion that the judgment of the Court of Common Pleas be reversed.

YEATES J. and BRACKENRIDGE J. concurred.

Judgment reversed.