## THE PEOPLE *vs.* KANE.

A recognizance need not recite the special facts which gave the officer an authority to act in the particular case in which it was taken.   It is enough if he had jurisdiction in cases of that general description, and it appear that the condition is to do something to which a party may legally be bound by recognizance.

So, where a recognizance taken before the recorder of Albany, (who is authorized to take bail in all cases,) conditioned for the appearance of another at the next

The People v. Kane.

court of criminal jurisdiction to be held in that city, to answer to a charge for forgery, omitted to state the proceedings by which the application was brought before the recorder; *held* that it was nevertheless a valid recognizance.

In declaring on a recognizance it is not necessary to aver the special facts by which the officer became authorized to proceed in the particular case.

The cases of the *People* v. *Koeber*, ( 7 *Hill*, 39,) and *The People* v. *Young*, (*id.* 44,) so far as they conflict with the foregoing positions, overruled.

The history, nature and effect of a recognizance, explained. *Per* BEARDSLEY, J.

DEMURRER to declaration. The action was debt on a criminal recognizance. The first count of the declaration alleged that on the 10th day of October, 1845, at the city of Albany, one James Murray was charged, on oath, before J. O. Cole, a police justice of that city, with forgery, in having at a day and place named, feloniously uttered and published as true certain counterfeit bank notes, knowing them to be counterfeit; that on the day and year aforesaid he was brought before said justice on said charge, and that the complainant and his witnesses in support of the charge, were then and there examined upon oath before the said justice, in the presence of Murray; and that the justice then and there proceeded to examine Murray in regard to the alleged offence; from which examinations so taken by the justice it appeared that said offence had been committed, and that there was probable cause to believe that Murray was guilty thereof; whereupon the justice committed Murray to the jail of the city and county of Albany, upon said charge. It then alleged that Murray being so in the custody of the sheriff of Albany, on said charge and commitment, he was on said 10th day of October, 1845, by virtue of a writ of *habeas corpus* duly issued and allowed, and directed to said sheriff, conveyed by said sheriff before William Parmelee, recorder of Albany, and of the degree of counsellor in the supreme court, and offered to give bail for his appearance at the next court of criminal jurisdiction to be holden in the said city, to answer to the charge aforesaid, and that the defendant then and there offered to become bail for said Murray; and that thereupon the defendant personally came before the recorder at, &c. on, &c. and then and there entered into a recognizance in writing, signed by him, by which he acknowledged himself to

The People *v.* Kane.

be indebted to the people of the state of New-York in the sum of $300, to be made, &c. if default should be made in the condition following; which was, that Murray should appear at the next court of criminal jurisdiction to be holden in and for the city of Albany, and then and there answer to the said charge against him for uttering and publishing as true, certain false, &c. bank notes, and obey the order and direction of the said court thereon, and not depart the court without leave, then the recognizance to be void; otherwise of force; which recognizance, so taken before the said recorder, (he having full power and authority, &c.) was afterwards, to wit, on, &c. duly filed of record by the clerk of the mayor's court, at, &c.; said court being the next court of criminal jurisdiction to have been holden next after the taking of said recognizance, said court having jurisdiction of the offence charged against said Murray; that at said court on, &c. at, &c. an indictment was found and filed of record, against said Murray for the offence with which he stood charged as aforesaid, and that said recognizance was also then and there duly filed of record in said court, as by the record of the said indictment and of the said recognizance and proceedings thereon still remaining in said court fully appears. Breach, that Murray being, at the same term of said court, called in open court, did not appear, but made default; whereupon an order was entered forfeiting said recognizance, and directing the same to be prosecuted, &c. Second count, that Murray on, &c. being in the custody of the sheriff of the county of Albany, by virtue of the commitment of J. O. Cole, police justice, for the offence of forgery, was brought before W. Parmelee, then and there being recorder, &c. and then and there offered to give bail to answer for the offence; that the defendant then and there came before the recorder and offered to become bail, and then and there entered into a recognizance in writing (stating the recognizance, as in the first count;) that the defendant was accepted by the recorder as sufficient bail, and that he accepted said recognizance, and caused said Murray to be discharged from custody. The remaining averments are like the first count. Demurrer to each count and joinder in demurrer.

The People *v.* Kane.

*H. G. Wheaton* for the defendant. It does not appear from the declaration that the requisite facts existed to give the recorder jurisdiction to take the recognizance. It should have been averred that the recognizance contained upon its face a statement of all such facts; and for the want of such statement it is void. It is not shown that there was any petition for a writ of *habeas corpus*, that the writ was allowed, that the prisoner was brought before the recorder on such writ, that any return was made showing the cause of his detention, or that the recorder adjudged that he was or was not legally detained; all of which facts are expressly required by the statute to exist. (2 *R. S.* 563 *to* 568, §§ 23, 25, 29, 38, 43; *The People v. Koeber*, 7 *Hill*, 39; *The People v. Young, id.* 44.)

*E. C. Litchfield*, for the plaintiff, insisted that it was sufficient that the recognizance should show that the case belonged to the class of cases of which the officer had jurisdiction, and that it need not recite or state the preliminary proceedings by which he gained jurisdiction in the particular case; and for this he referred to the following authorities: (2 *R. S.* 281, § 32; *id.* 710, § 29; *id.* 746, § 24; 1 *Chitty C. L. ed.* 1840, 89, 90, 97; 14 *Petersd. Ab.* 92 *to* 94; *Rex* v. *The Dutchess of Kingston, Cowp.* 283; *S. C.* 20 *Cobbett's State Trials*, 355; *Rex* v. *Marks*, 3 *East*, 163; 2 *Gude's Crown Pr.* 54, 55, 62; *Grady & Scotland's Crown Pr.* 380 *to* 383, 416, 518; *Archbold's Cr. Pl.* 40, 134, 163, 317; *Archb. Pr. of the Crown Office*, 335; *State* v. *Wellman*, 3 *Hamm. Ohio R.* 14; *Tyler* v. *Greenlaw*, 5 *Rand. Va. R.* 711; *Ewing's Justice*, 484; *McCarty* v. *The State*, 1 *Blackf.* 338; *Adair* v. *The State, id.* 200; *Andress* v. *The State*, 3 *id.* 108; *Long* v. *The State, id.* 344; *Fowler* v. *The Commonwealth*, 4 *Monroe, Ky. R.* 130; *Cone* v. *Kimberlin*, 6 *id.* 434; *The People* v. *Van Eps*, 4 *Wend.* 387; *The People* v. *Stager*, 10 *id.* 431; *The People* v. *Huggins, id.* 464; *The People* v. *Gay, id,* 509; *The People* v. *Blankman*, 17 *id.* 252; *Helier* v. *Hundred de Benhurst, Cro. Car.* 211; 3 *Hawk. P. C. Lib.* 2, *ch.* 8, § 44; 2 *Hale's P. C.* 51; *Laserre* v. *Johnson, Stra.* 745; *Whiskard* v. *Wilder*, 1 *Burr.* 330.) The coun-

The People *v.* Kane.

sel also commented on and distinguished the cases cited by Beardsley, J. in *The People* v. *Koeber* and *The People* v. *Young*, (7 *Hill*, 39, 44,) and on that subject referred to *The Commonwealth* v. *The Bail of Gordon*, (15 *Pick.* 193.)

BEARDSLEY, J.   A recognizance is defined to be "an obligation of record, which a man enters into before some court of record or magistrate duly authorized, with condition to do some particular act; as to appear at the assizes, to keep the peace, to pay a debt, or the like." (2 *Bl. Com.* 341; 2 *Tidd's Pr.* 1083, *Phil. ed.* 1840.) It does not, like a bond, create a new debt, but is the acknowledgment of a precedent one, which, being carried into record, becomes binding and conclusive on the party. (2 *Bl. Com. supra*; 2 *Shep. Touch. by Preston*, 354, *n.*)

Recognizances have been authorized for various purposes, one of which was to secure the payment of money by one person to another.   This was allowed by the common law, and was expressly authorized by the statute of 23 Hen. 8, ch. 6. (*Bac. Ab. Execution, B.* ; *Com. Dig. Obligation, K., Statute Staple, B.* ; *Coote's Law of Mort.* 76, 82 ; 2 *Tidd*, 1093, 6 ; *Hall* v. *Winckfield*, *Hob.* 195 ; *Edgcomb* v. *Dee*, *Vaughn*, 102, 3 ; *Fanshaw* v. *Morrison*, 2 *Ld. Raym.* 1138.) Of the same nature is the undertaking of special bail in civil actions, and the security given for the appearance of persons charged with criminal offences.   There are many other purposes for which recognizances may be taken at common law, or under the authority of particular statutes.   It is unnecessary, however, to enumerate or classify them, for differ as they may in their object or manner of execution, all such as may properly be termed recognizances agree in this, (and which alone is important now to note,) that the security, when complete, is matter of record.

Obligations, which may be incurred for the payment of debts or the performance of other acts, are of various kinds.

1. Of record, or in the nature of a record.

2. By specialty.

3. By parol.   No other class of securities for any such purpose is known to the law.

For the first of these the judgment or concurrence of a court is indispensable. The second are always sealed by the party to be bound thereby; and the last includes unsealed written agreements, as well as those which are merely verbal. (*Rann* v. *Hughes,* 7 *D. & E.* 350, *n. ; Ballard* v. *Walker,* 3 *John. Ca.* 65 ; 2 *Bl. Com.* 465 ; 2 *Steph. Com.* 186. 7.) If securities of a different character are in any case valid, it must be under the special provisions of some statute. A recognizance is not a parol engagement; nor is it a specialty, not being under seal. It is, however, a record, and as such only can its obligation and validity be maintained by our law.

The definition of a recognizance would seem to import that it is necessarily a record as soon as entered into. But, strictly speaking, this is incorrect ; for a recognizance is not a record, until duly enrolled and filed. This rule is universal, for no proceeding can be regarded as matter of record before it has been enrolled and filed in a court of record. (*Croswell* v. *Byrnes,* 9 *John.* 287 ; *Den* v. *Downam,* 1 *Green's R.* 135 ; *Cowen & Hill's Notes to* 1 *Phil. Ev. p.* 1013 ; *Rex* v. *Bowman,* 6 *Car. & Payne,* 101.)

In civil actions, the recognizance of special bail is taken on a bail-piece, as it is called, and which, by statute, is directed to be signed by the bail. (2 *R. S.* 380, § 19 ; 1 *Tidd,* 250 ; *Petersd. on Bl.* 289 ; *Grah. Pr.* 177.) This is called, and rightly so, entering into recognizance as special bail. But the bail piece, although signed by the bail, and certified by the officer before whom it was acknowledged, is not a record ; it is only a memorandum of the undertaking of the bail, which authorizes a recognizance roll to be made out and filed, whereby the obligation of the bail becomes matter of record. (*Grah. Pr.* 429 ; 1 *Tidd,* 277 ; 2 *id.* 729 ; *Petersd. on Bl.* 360, 361 ; *Bevan* v. *Jones,* 4 *B. & C.* 403 ; 2 *Ch. Pl.* 472 *and notes, ed. of* 1837 ; *Green* v. *Ovington,* 16 *John.* 55.)

So too, although a recognizance, to secure the payment of money by one party to another, might, at common law as well as under the statute of 23 Hen. 8, ch. 6, be taken out of court, it was not a record until enrolled in court. (2 *Tidd,* 1083 ·

*Bac. Abr. supra; Hob. supra; Bothomly* v. *Lord Fairfax,* 1 *P. Wms.* 334; 2 *Vern.* 750, *S. C.; Glynn* v. *Thorpe,* 1 *B. & Ald.* 153.)

And the same principle applies to recognizances taken by a court or magistrate for the appearance of a party charged with a criminal offence : the recognizance, although complete, is not in strictness a record, until made out in form and filed in a court of record. (*The People* v. *Van Eps,* 4 *Wend.* 393; *The People* v. *Huggins,* 10 *id.* 472; *People* v. *Haddock,* 12 *id.* 475; *Bridge* v. *Ford,* 4 *Mass.* 643; *The State* v. *Smith,* 2 *Greenl.* 62; *Palister* v. *Little,* 6 *id.* 350; 4 *Bl. Com.* 253; 2 *R. S.* 709, §§ 25, 6, 7; *Id.* 729, § 58; 1 *Ch. Cr. L.* 90, 91, 404, 105.)

The mode at common law of taking such recognizances in criminal cases, is for the court or magistrate taking the same to state at large to the bail, the obligation entered into, and its condition, to which they assent. A short minute of this is made at the time, but it need not be signed, and from which, at leisure, a formal record of the recognizance is prepared. This is to be filed in the court where the party is bound to appear, and it thus becomes a record of that court. (1 *Ch. Cr. L.* 90, 92, 103, 5; *Commonwealth* v. *Emery,* 2 *Bin.* 434; *The State* v. *Cherry,* 2 *Dev.* 550; *Same* v. *Mills, id.* 555; *Commonwealth* v. *McNiell,* 19 *Pick.* 127; 4 *Burns' Justice, Recognizance.*) Recognizances in criminal proceedings are still, with us, taken by courts of record in the same way; being entered in the minutes of the court, and the substance thereof read to the person recognized; but "all other recognizances in any criminal matter or proceeding, or in any proceeding under the laws respecting the internal police of this state, shall be in writing and shall be subscribed by the parties to be bound thereby." (2 *R. S.* 746, § 24.)

This statute has reference to the mode in which recognizances are to be entered into and taken, and not to the manner of making them records. That remains as at common law, for the statute has not abolished the distinction between entering into a recognizance, and its consummation by record evidence of the obligation. The mere entry of a recognizance in the

The People v. Kane.

minutes of a court of record, is not a record on which suit can be maintained against the recognisor; nor does a recognizance, taken out of court, become a record by being signed as the statute directs. The first is merely an authority to make up and file a formal record of the obligation entered into, as an acknowledgment, proved by a similar memorandum of a magistrate, was sufficient for that purpose at common law. But recognizances taken out of a court of record, must now be signed as well as acknowledged and certified. This the statute requires as a guard against mistakes and fraud, but it has not changed the nature of the obligation thus incurred. The recognizance, although signed, is not thereby transformed into a record, but must, at least, be filed in the court where the party is bound to appear, before that change can be effected. If the instrument signed by the conusor contain, as it well may, a full statement of the obligation entered into, it may, when filed, be very properly regarded as a record. But if it contain brief heads of what was acknowledged by the recognisor, and nothing more, it can hardly be regarded as a record, although such notes may be quite sufficient to justify the officer in making out and filing an extended and complete record of the obligation entered into.

By statute, as has been stated, special bail pieces are to be signed, which was not required at common law, a certificate of an officer authorized to take the acknowledgment, being all that was necessary. At common law too, the same principle was applicable to the taking of recognizances in criminal proceedings, the integrity of courts and magistrates being the only guaranty, in all such cases, for the accuracy of records made up on such vouchers. (*The State* v. *Cherry, supra.*)

It has been deemed proper by the legislature, to require that all special bail pieces, and such recognizances as are taken out of a court of record, shall be signed by the persons to be charged thereby; but this has not changed the law in other respects. The bail piece, although signed, is not by that made a record, nor does the signature dispense with the necessity of filing a recognizance roll when proceedings are to be taken against the

bail. And, in my view of the law, a recognizance taken by a magistrate in a criminal case, and duly signed as the statute directs, does not thereby become a record. It may, when complete in form and substance, become such on being filed in the proper court; but its vitality as a record does not depend on its being the original instrument, or the signature of the cognisor.

In its consummation a recognizance always becomes matter of record. According to Lord Coke, records " import in them such incontrollable credit and veritie, as they admit no averment, plea, or proofe to the contrarie." (*Co. Lit.* 260, *a.*) The rule admits of some qualifications not material now to be considered; (1 *Phil. Ev.* 317; *C. & H.'s Notes, pp.* 799, 800, 801, 826, 909, 987, *et seq.*) but its general accuracy cannot be questioned. (1 *Phil. Ev.* 316; *Patton* v. *Miller*, 13 *S. & R.* 254; *Glynn* v. *Thorpe, supra ; The State* v. *Mills, supra ; Bearblock* v. *Read, Cro. Eliz.* 822, 734; *Sadlers and their case*, 4 *Rep.* 59, 60; *Harrison's case*, 5 *id.* 28, 29; 2 *Shep. Touch.* 354; *Math. Ex. and Adm.* 142, 4.)

At common law a recognizance had some of the qualities of a judgment. It would uphold an execution to levy the amount, and in favor of the sovereign it bound the lands of the conusor. (2 *Tidd*, 1083 *to* 1086, 1093 ; 2 *Saund.* 68, *a*, 1, 70, *d*, 3 ; *Vin. Abr. Recognizance, F.; 2 Cruise, D.* 51, §§ 4, 5, 6 ; *The State* v. *Mills, supra ; Allen* v. *Reesor*, 16 *S. & R.* 10.) By statute, however, a recognizance is, with us, only evidence of a debt, and does not, in any case, bind land. (2 *R. S.* 362, § 21.) It might always have been enforced by an action of debt, and that is now the only remedy. (*Commonwealth* v. *Green*, 12 *Mass.* 1 ; 2 *R. S.* 485, § 29.) But, although a recognizance will no longer uphold an execution, nor is it a lien on land, it still has the most essential attribute of a record, for it imports absolute verity, and in its nature, is conclusive evidence of the obligation entered into by the cognisor.

Every record should be complete of itself, and contain on its face enough to show that it is legal and valid. Upon this principle records of judgments rendered are made up, for where jurisdiction is not presumed, the record must show such facts

The People *v.* Kane.

as were necessary to give jurisdiction to the court by which the judgment was rendered. As to courts of general jurisdiction the law dispenses with all averments on this point, as it raises the presumption of jurisdiction. (*C. & H. Notes, p.* 1013, 1021, 987; *Mills* v. *Martin,* 19 *John.* 7, 33.) But the record of a court of limited authority, should show that jurisdiction of the particular case in which the judgment was rendered, had been duly acquired. These rules apply to recognizance rolls in civil suits, as well as to records of recognizances taken in criminal proceedings.

Whatever is properly matter of record, and proceeded on as such, must exist and can be proved, in that form alone. The law will not permit it to rest partly in record and partly in parol, but it must be made complete in its proper form. The gist of an action being matter of record, it must be that alone. There is no form of action, the gravamen of which, properly speaking, can be in part matter of record or specialty, and the residue matter *in pais.*

A record must be pleaded with a *prout patet per recordum,* which may be answered by *nul tiel record.* (1 *Ch. Pl.* 404, 521 ; *Arch. Civ. Pl.* 149.) It is so where the proceeding is founded on the record of a recognizance, as well as in every other case.

In civil suits, the recognizance roll shews a case which authorized bail to be taken. So are all the forms. (*Prac. Forms from Tidd's App. by Caines,* 96, 97 ; *Arch. Civ. Pl.* 148, *a ;* 1 *Ch. Pl.* 403 ; 2 *id.* 472, 7 ; 2 *Saund. Pl. & Ev.* 750.) And in criminal cases the record of the recognizance should also show a case in which the court or magistrate, was authorized to take bail. (1 *Ch. Cr. L.* 103 ; *Petersd. on Bl.* 509, note ; *The State* v. *Smith,* 2 *Greenleaf,* 62 ; *Commonwealth* v. *Loveridge,* 11 *Mass.* 337 ; *Same* v. *Daggett,* 16 *id.* 447 ; *Same* v. *The Bail of Gordon,* 15 *Pick.* 193 ; *Same* v. *McNeil,* 19 *id.* 127 ; *The State* v. *Corson,* 1 *Fairf.* 473 ; *The People* v. *Blankman,* 17 *Wend.* 252 ; *Same* v. *Brown,* 23 *id.* 47 ; *Same* v. *Koeber,* 7 *Hill,* 39.)

The proper form of declaring in debt on the record of a recognizance in a criminal case, is to set out the matters of fact

which constitute the foundation of the defendant's obligation, and which must appear in the record. These should be stated with a *prout patet*, and should be followed by proper averments to show a breach of the condition of the recognizance. Declarations on recognizances of special bail in civil cases, are drawn in this form. But the declaration in the case at bar was not framed on any such principle. As disclosed by the declaration, the action seems to be founded on an obligation, created in part by matter of record, and in part by matter *in pais*. I know of no principle on which such an action can be upheld. Besides, a recognizance is *an obligation of record.* This is its definition, as given in books of approved authority. Every thing therefore, which constitutes the obligation ; that, by which the conusor is bound, must appear in and by the record. This is precisely what the declaration should contain, for good pleading is a statement of material facts, and except showing a breach of the condition, this is all that need be alleged in a declaration. There is a further difficulty in the present case ; for it is impracticable to ascertain from this declaration, with any thing like reasonable certainty, what is in, and what out of the record of the recognizance. In this particular the pleading is faulty.

Much confusion has arisen from the use of the term recognizance to indicate not only the acknowledgment made by the conusor in entering into the obligation and the minute of the officer taking the acknowledgment, but also the obligation thus incurred, and the record evidence of such obligation. In the case of the *State* v. *Smith*, (*supra*,) the court say, " It is settled law that a recognizance should state the grounds on which it is taken." Again, in the *Commonwealth* v. *Daggett*, (*supra*,) " It is essential to a recognizance of this kind that it show the cause of taking it." The term recognizance, as used in these and many other cases, must be understood as having reference to the record on which the action was founded, and not to the act of acknowledgment, or the minute thereof made at the time by the court or magistrate taking the recognizance. Understood in this sense, the rule laid down in the

The People *v.* Kane.

authorities referred to, applies to recognizances in civil as well as criminal cases. The recognizance roll on which suit is brought against special bail, must show, on its face, the grounds on which bail in the particular case was taken—that is, the court in which the original action was pending—what the action was, and the names of the parties thereto.

The recognizance in this case, was taken before the recorder of the city of Albany, who, being of the degree of counsellor in this court, was, by virtue of his office, a supreme court commissioner. (2 *R. S.* 281, § 32.) He was authorized to let to bail in all cases, persons brought before him charged with crime. (*Id.* 710, § 29.) Looking at the first count in this declaration the prisoner was not brought before the recorder charged with a crime, but on a writ of habeas corpus. The sheriff to whom this writ was directed, should have made a return stating the cause of the imprisonment complained of; (*id.* 566, § 32;) and it was the duty of the recorder immediately to proceed and examine into the facts contained in such return, and into the cause of the imprisonment. (*Id.* 567, § 38; *p.* 569, § 48.) And, by the statute, "If it appear that the party has been legally committed for any criminal offence, or if he appear by the testimony offered with the return, or upon the hearing thereof, to be guilty of such an offence, although the commitment be irregular, the court or officer before whom such party shall be brought, shall proceed to let such party to bail, if the case be bailable, and good bail be offered; or if not, shall forthwith remand such party." (*Id.* 568, § 43.) This, as far as I know, is the only authority the recorder had, for letting a person to bail on habeas corpus, and the inquiry is presented, whether the first count in this declaration shows that such a case existed before that officer, when bail was taken by him. And it is plain that no such case appears by that count. It is not shown that any return was made to the writ of habeas corpus, or that the recorder was in any manner apprized of the cause for which the prisoner had been committed and was detained in custody. We cannot, therefore, as I think, see that a case existed before the recorder which authorized him to

The People v. Kane.

take bail; and such being the fact, he had no power to take a recognizance. A recognizance is not merely an acknowledgment of a debt on a specified condition, but it is an acknowledgment, taken by a court or officer, in such a case and manner, that the law will permit a legal record thereof to be made. This is allowable where a case for taking bail exists before an officer, but not simply because bail is voluntarily given to procure the liberation of a party who is imprisoned.

This count can hardly be said to be framed as on a record of a recognizance; and it is quite impracticable to ascertain what appears by the record and what by matter *in pais*. The proceedings before the police justice are stated at large, as also is the fact that an indictment was found; all which was wholly unnecessary. It would have been sufficient to allege that the prisoner was brought before the recorder on a writ of *habeas corpus*, to which the sheriff made a return, that he was in his custody on the mittimus issued by the police justice, setting forth the substance thereof, and that thereupon the recognizance was entered into by the defendant. These averments, adding time, place and circumstances, would have shown a proper occasion for taking bail; and the record of the recognizance, if in due form, would have proved such averments to be true. On such a record, supposing the condition of the obligation to be broken, an action of debt would lie, as upon a recognizance of bail in a civil suit. The declaration might be framed in the ordinary way, with a *prout patet*, followed by an averment of the breach of the condition. This count, as I read it, was not framed on any such principle; for it is impracticable to determine, from its multifarious statements, what appears by the record of the recognizance, and what in some other way. In my opinion the count is bad, and the defendant should have judgment upon it.

The second count alleges that the prisoner, being in the custody of the sheriff on a commitment for felony, was brought before the recorder of the city of Albany, &c. who thereupon took such recognizance as is mentioned in the first count. But it is not stated that the prisoner was brought before the recorder

on a writ of *habeas corpus*, or that he ever heard of the commitment by the police justice. I certainly know of no mode in which the prisoner, who was not under indictment, could lawfully be brought before the recorder otherwise than on *habeas corpus ;* and if that writ was issued, and the recognizance taken thereupon, it should have been so stated. This count is open to objections like those stated against the first, and in my estimation is bad.

In form, there is to a certain extent, a similarity between a bond and a recognizance ; and they agree in this, that an action of debt will lie on each. But here the analogy ceases. A bond is always sealed by the obligor, but a recognizance need not be. A bond creates a debt by specialty, a recognizance one by record. In the latter respect it is like a judgment, and in its nature equally conclusive on the recognisors, infants as well as adults. (*Macph. on Inf.* 464, 491; 1 *Inst.* 380, *b.* 2; *id.* 673; *Bing. on Inf.* 43.) In every point of view, a recognizance is intrinsically different from, and superior to, a bond or other specialty ; and upon no principle do I see that it can be regarded and enforced as a security of that nature. In vitality and effect it is a record, and should be counted upon and enforced as such.

I think this declaration is bad, and that the defendant is entitled to judgment on the demurrers.

BRONSON, Ch. J. A criminal recognizance taken out of court must be in writing, and be subscribed by the party to be bound by it. (2 *R. S.* 746, § 24.) It is no longer a lien upon lands, but is deemed a mere evidence of debt. (*Id.* 362, § 21.) And the remedy upon it, when forfeited, is by action of debt for the penalty, in which action the proceedings and pleadings are in most respects the same as they are in other personal actions for the recovery of a debt. (*Id.* 485, § 29.) These are all the changes, either in form or effect, which have been made by the legislature ; and I entertain no doubt, that when the recognizance is returned and filed in the proper office, it is still, what the common law has declared it to be, an acknowledgment of

record; and like other records, it imports absolute verity. Thus far I agree with my brother Beardsley. But when the recognizance has a condition to do some act for the doing of which such an obligation may properly be taken, and the officer before whom it was acknowledged had authority by law to act in cases of that general description, I think the recognizance is valid although it does not recite the special circumstances under which it was taken. And in declaring upon such a recognizance, I do not think it necessary to aver the existence of the particular facts which prove that the officer had authority to take it. It is true that the want of such an averment has been thought a fatal objection. (*The People* v. *Koeber, and The People* v. *Young,* 7 *Hill,* 39, 44.) In the first of those cases it was not necessary to go so far; for the charge was burglary, the first degree of which is punishable with imprisonment for life, and the special justice had no authority by law to take a recognizance in such a case. And in several of the cases cited in *The People* v. *Koeber,* it appeared affirmatively that the officer who took the recognizance had no jurisdiction. (*Vose* v. *Deane,* 7 *Mass.* 280; *Commonwealth* v. *Loveridge,* 11 *id.* 337; *Commonwealth* v. *Otis,* 16 *id.* 198; *Harrington* v. *Brown,* 7 *Pick.* 232; *The People* v. *Brown,* 23 *Wend.* 47.) Of course these cases prove nothing upon the present question. This recognizance was taken by an officer who could let to bail in all bailable cases. (2 *R. S.* 281, § 32; *id.* 710, § 29; *id.* 728, § 56.) And it was a case where bail might by law be taken. In *Bridge* v. *Ford,* (4 *Mass.* 641,) it was said that the recognizance should recite the cause of taking it, so that it might appear that the officer had cognizance of the matter; but the remark was not necessary to the decision of the cause. And that is also true of *The Commonwealth* v. *Downey,* (9 *Mass.* 520,) where it was again said, that a recognizance should recite the cause of its caption. On the authority of the two last mentioned cases, the same doctrine was again affirmed in *The State* v. *Smith,* (2 *Greenl.* 62,) but it was not necessary to decide the question. Nor do I find that it has ever been necessarily decided, unless it was in *The People* v

The People *v.* Kane.

*Young*, (7 *Hill*, 44,) where, as I think, too much importance was given to the *dicta* which have been mentioned.

As the recognizance must be conditioned to do some act for the doing of which such an obligation may properly be taken. it will, to that extent, show the cause of its caption. But it need not recite all the facts which prove that the officer had jurisdiction to act in the particular case.

It is undoubtedly a well settled and highly important principle, that before any one can be affected by the judgment or order of a court or officer of special and limited jurisdiction, it must not only appear that the court or officer had authority to act in cases of that kind, but that jurisdiction had been acquired in the particular case. But there is an obvious distinction between cases where a charge or burden is attempted to be fastened upon a party by a proceeding *in invitum*, and those where the charge or burden springs from his own voluntary act. Here the defendant went before an officer duly authorized to let to bail, and subscribed a recognizance for the appearance of Murray, to answer a charge of forgery; and the instrument has been filed of record; and I cannot think the recognizance void because it fails to recite the particular facts which led to the taking of it; nor that it is necessary in declaring to make any averment by way of fortifying or upholding the record. If we reject all such averments in this declaration as surplusage, the pleading will be sufficient in substance, though it may be defective in point of form. My brother Jewett is of the same opinion, and the people are entitled to judgment.

Ordered accordingly.