ALBANY GENERAL TERM, March, 1849. *Harris, Watson, and Parker,* Justices.

## THE PEOPLE *vs.* MILLIS.

A recognizance taken from the prosecutor of a criminal complaint before a police justice, containing the condition required by the statute that the prosecutor will appear and testify at the next court having cognizance of the offence, &c. will not be vitiated by the addition of the words " as well to the grand as the petit jury, and not depart the said court without leave."

Where the condition of a recognizance taken before a police justice is to do an act for which a recognizance may properly be taken, and the police justice had authority, in law, to act in cases of that general description, a declaration upon such recognizance need not aver the existence of the particular facts and circumstances which gave the officer authority to take it.

DEBT on recognizance. The declaration alleged that "heretofore, to wit, on, &c. at, &c. one Matthew Kirby was brought before John O. Cole, a justice of the peace and police justice of the city of Albany, charged on the oath of the defendant John Millis, and others, with having assaulted and beaten the said John Millis with a deadly weapon with intent to kill him the said John Millis. And the said John O. Cole so being such jus-

tice of the peace and police justice, after hearing the examination of the said John Millis and the witnesses produced on the part and behalf of the said people, did then and there adjudge and decide that the offence so as aforesaid charged against the said Matthew Kirby had been committed, and that there was probable cause to believe that the said Matthew Kirby had been guilty thereof. And the said John O. Cole so being such justice of the peace and police justice as aforesaid, did then and there require the said John Millis to enter into a recognizance to appear and testify at the next court having cognizance of the said offence, and in which the said Matthew Kirby might be indicted. And thereupon the said John Millis did then and there, before the said John O. Cole so being such justice of the peace and police justice as aforesaid, (the said John O. Cole having full and competent power and authority in the premises,) enter into a recognizance in writing subscribed by him the said John Millis, by which recognizance the said John Millis acknowledged himself to be indebted to the people of the state of New-York in the sum of one hundred dollars, to be made and levied of his goods and chattels, lands and tenements, to the use of the said people if default should be made in the condition of the said recognizance—which condition was that if the above bounden John Millis (the said defendant) should personally be and appear at the next mayor's court to be held in and for the said city or county of Albany, to give evidence on behalf of the said people against Matthew Kirby for feloniously assaulting and beating the said John Millis with a deadly weapon, *as well to the grand jury as to the petit jury, and not depart the said court without leave.* And upon the performance of the said condition the said recognizance was to be void and of no effect, otherwise to remain in full force and virtue. The declaration then alleged that said recognizance was afterwards duly filed in the office of the clerk of the county of Albany at the City Hall in the city of Albany, the said clerk then and there being clerk of the said mayor's court. That a mayor's court in and for the city of Albany exercising criminal jurisdiction, was held at the City Hall in the said city of Albany before

the judges of the same court on, &c. being the next court hold-
en after the signing and acknowledgment of the said recogni-
zance, having cognizance of the offence charged against the
said Matthew Kirby, and in which said court the said Matthew
Kirby might be indicted. That the said recognizance was
then and there filed and became a record of said mayor's
court. That at the said term of the said court Millis failed in
the performance of the condition of said recognizance in this,
that the said John Millis being then and there called in open
court, (and during the sitting of the grand jury,) to wit, on, &c.
did not personally be and appear at said court and give evi-
dence on behalf of the said people against the said Matthew
Kirby for the offence aforesaid, pursuant to the condition of
the said recognizance, but therein wholly failed and made de-
fault; whereupon an order was entered by the said court for-
feiting the said recognizance and directing the same to be
prosecuted according to law. Averment, that the defendant
had not paid the said sum of one hundred dollars so as afore-
said acknowledged by him to be owing to the said plaintiffs, or
any part thereof, and that the said recognizance remained in
full force. And that the said plaintiffs had not yet obtained
satisfaction of the same nor any part thereof, whereby an action
had accrued to the plaintiffs to demand and have of and from
the said defendant the said sum of one hundred dollars; assign-
ing a breach.

The defendant demurred to this declaration, and assigned
the following causes of demurrer: (1.) That the recognizance
was void inasmuch as its condition was not according to the
provisions of the statute, the condition of the recognizance re-
quiring additional and different duties or acts of the defendant
than the statute authorizes or provides for. (2.) That it was
not sufficiently alleged in and did not appear from the declara-
tion, that the police justice or other magistrate who took and
required said recognizance had any authority or jurisdiction so
to do. (3.) That it was not sufficiently alleged in and did not
appear from the declaration, that the magistrate had any juris-
diction or authority to entertain and hold the examination

therein mentioned, or to make any adjudication in the matter. (4.) That the offence mentioned in the condition of the recognizance did not appear to be the one in relation to which the examination and adjudication before the police justice, mentioned in the declaration, was had, or one in relation to which any previous proceedings before said magistrate were had, or one in relation to which the said magistrate had any jurisdiction to entertain an examination or any other proceedings. (5.) That the court mentioned in the recognizance had no legal existence; nor did the said recognizance or the condition thereof require the said defendant to appear before any court known to the laws; or if so, such court was not properly or definitely described in said recognizance or the condition thereof. The plaintiffs joined in demurrer.

*A. J. Colvin,* for the plaintiffs.

*J. Edwards,* for the defendant.

*By the Court,* PARKER, J. I do not think the recognizance sued on in this case is void by reason of any variance between the language of its condition and the provision of the statute. The magistrate is authorized by the statute to "bind the prosecutor and all the material witnesses against the prisoner, to appear and testify at the next court having cognizance of the offence, and in which the prisoner may be indicted." (2 *R. S.* 2*d* ed. 592, § 21.) And such is substantially the condition of the recognizance. The addition of the words "as well to the grand as the petit jury, and not depart the said court without leave" cannot vitiate it; for such would be the legal effect of the language of the statute, if it had not been thus expressed in the recognizance. The defendant was required to appear at but one court, and I think he had no right to leave, after having been examined before the grand jury. It might be necessary to call him again before the grand jury in the same case. It might be necessary to have him sworn before the

The People *v.* Millis.

petit jury. I think he was bound to consider himself a witness during the entire court, unless sooner discharged.

This is not, therefore, like the case of *The People* v. *Meighan*, (1 *Hill*, 298,) cited by the defendant's counsel. There, a bond taken by a justice of the peace, in a prosecution for bastardy, was held void because, in addition to what was required by law, it contained other provisions imposing further and entirely different obligations on the obligor.

Nor do I think the objection well taken, that the facts are not sufficiently set forth to show that the officer taking the recognizance had jurisdiction. The late case of *The People* v. *Kane*, (4 *Denio*, 530,) seems to me to cover the whole ground, and to overrule, to some extent, *The People* v. *Koeber*, (7 *Hill*, 39,) and *The People* v. *Young*, (*Id.* 44.) In *The People* v. *Kane* it is said, "where the recognizance has a condition to do some act, for the doing of which such an obligation may be properly taken, and the officer before whom it was acknowledged had authority by law to act in cases of that general description, the recognizance is valid, although it does not recite the special circumstances under which it is taken. And in declaring upon such a recognizance I do not think it necessary to aver the existence of the particular facts which prove that the officer had authority to take it."

The rule thus laid down, when applied to this case, relieves it from all difficulty. The condition of the recognizance was to do an act for which it might properly be taken; and the police justice before whom it was acknowledged had certainly authority in law to act in cases of that general description. In such case there can be no good reason for averring the existence of the particular facts and circumstances which gave the officer authority to take it.

The plaintiff is entitled to judgment on the demurrer, with leave to the defendant to amend on payment of costs.