## Furgison *et al. v.* The State.

In an action upon a bail bond, when a copy of the bond is annexed to, and thus becomes a part of the petition, such facts as are established by the bond, need not be averred in the petition.

Presumptions of law need not be averred or proved.

By making a bail bond, the obligors admit the facts and circumstances which rendered the bond necessary, and it will be presumed that these facts gave the officer jurisdiction to take the bond.

### *Appeal from Johnson District Court.*

*Opinion by* Greene, J. This proceeding was commenced on the relation of John Parrott, as school fund commissioner of Johnson county, against Alfred Furgison and John M. Bay, on a recognizance bond for the non-appearance of said Furgison to the charge of larceny. A petition for *scire facias* was filed under the Code. The petition shows that, October 27th, 1852, said Bay and Furgison executed a bond in the penal sum of $350 00, for the appearance of Furgison at the next term of the district court to answer the charge of larceny. March 23, 1853, an indictment was found in due form, against Furgison, for the offense. Furgison failed to appear at the March term, 1853, agreeable to the conditions of the bond, and it was thereupon ordered by the court that the recognizance be forfeited, by reason of which the relator claimed the penal sum therein named for the school fund of the state. These facts are set forth in the petition, with sufficient detail and clearness.

To this petition, Bay demurred, on the ground that the petition does not aver that the bond was accepted by a competent officer, that Furgison was not admitted to bail or discharged from actual custody on taking bail by a competent court; that the magistrate did not certify his decision, and that said bail was not justified by affidavit. The

Furgison *v*. The State.

demurrer was overruled, and this decision is assigned for error.

We think the court ruled correctly. True, the matters referred to in the causes of demurrer, are not specifically averred in the petition, but so far as they are material, they are established by the bond itself, which is made a part of the petition. The petition and bond sufficiently show the admission and taking of bail. It is not necessary that the petition should aver that the magistrate certified his decision, or that the bail justified by affidavit. These are presumptions of law, and therefore need not be averred or proved. The bond itself shows that it was taken by an officer who could admit to bail in all bailable cases. Code, § 3216, and that it was a case in which bail might legally be taken.

The petition shows a substantial cause of action. It states all the material facts necessary to enable the state to recover upon the bond. The execution of the bond and the failure to perform its conditions, create the liability of defendants. By making the bond, they admit the facts and circumstances which rendered the bond necessary. It is not at any rate necessary to aver those facts and circumstances in order to sustain an action upon the bond. It will be presumed that the facts in the case, gave the officer jurisdiction to take the bond.

In New York, it has been repeatedly decided that a declaration upon such a recognizance or bond need not aver the existence of the particular facts, which prove that the officer had authority to take it. *The People* v. *Kane*, 4 Denio, 530, 544; *The People* v. *Mills*, 5 Barb., 511; *Champlain* v. *The People*, 2 Comstock, 82.

Judgment affirmed.

*J. D. Templin*, for appellant.

*D. C. C. loud*, for the State.