ALBANY,
January, 1819.

GREEN
v.
OVINGTON,

⟫⁂⟨

GREEN & GREEN *against* OVINGTON & BLEECKER.

THIS was an action of debt on a recognizance of bail, taken in the Mayor's Court, of the city of *New-York.* The declaration stated, that the plaintiffs, in the *May* term of the Mayor's Court, in the year 1810, recovered a judgment against one *John Gallaugher,* for 326 dollars and 16 cents damages, in an action of *assumpsit ;* that, pending that suit, in *April* term, 1810, of the Mayor's Court, the defendants in this action became bail for *Gallaugher ;* and that a *fi. fa.* was issued against *Gallaugher,* to the sheriff of *New-York,* who returned, that he had made the sum of 12 dollars and 10 cents, and *nulla bona* as to the residue. The plaintiffs then aver, that the judgment and recognizance were in full force, assign a breach of the condition of the recognizance, in the disjunctive, and claim the unsatisfied residue of the original judgment.

In debt on a recognizance of bail, a plea that the bail-piece was acknowledged, after judgment had been obtained in the original action, and was therefore void, is bad; for a record cannot, in pleading, be impeached, if affected by any supposed defect, or illegality, in the transaction on which it was founded; nor can there be any allegation against the validity of a record.

In debt, on a judgment or recognizance, the defendant can plead no matter inconsistent with the record ; but if the record be untruly stated in the declaration, he may plead *nul tiel record.*

A bail-piece, although taken before a single judge, is, in legal contemplation, taken in Court : it is a mere memorandum of the recognizance, authorizing the making up the record, and when that is filed, it becomes a record of the Court, on which *scire facias* or debt will lie.

ALBANY,
January, 1819.

GREEN
v.
OVINGTON.

The defendants pleaded, 1. That the bail-piece, acknowledged by them, was acknowledged after the rendition of the judgment in the original action, and after the issuing of the *fi. fa.*, to wit, on the 24th of *January*, 1811 ; that they never acknowledged any other bail-piece for *Gallaugher*, at the suit of the plaintiffs ; and that *Gallaugher* was a prisoner in close custody, on the process in the original suit, until the taking of the bail-piece therein ; by reason of which premises, the bail-piece and recognizance were void. 2. That no *ca. sa.* had been issued in the original action.

To the first plea, the plaintiffs replied, that *Gallaugher*, being in close custody, the defendants acknowledged a bail-piece, as of the term in which the *capias ad respondendum* was returnable, and that it was entered, or enrolled, as of that term, according to the practice of the Mayor's Court, and that *Gallaugher* was, in consequence, delivered from custody ; that, on the 27th of *July*, 1816, the Mayor's Court made an order in the original cause, that the bail-piece should be considered as filed of the term when the *capias ad respondendum* was returnable, *nunc pro tunc ;* and that it was the practice of the Mayor's Court, when bail was taken by a judge, at chambers, in vacation, to enrol the same as if taken in open Court. 2. To the second plea, the plaintiffs replied, the issuing a *ca. sa.*

The defendants demurred specially to the replication to the first plea, and the plaintiffs joined in demurrer ; and there was a rejoinder to the replication to the second plea.

*D. B. Ogden* and *Manning*, in support of the demurrer, contended, that the bail-piece having been filed subsequently to final judgment in the cause, it was a nullity. It is essential to the validity of the act of putting in bail, that there should be a suit pending. The object of bail is to give the defendant, arrested, his liberty, until, by a judgment of Court, it is decided that the plaintiff has a right to imprison him. It may be, that the bail would not have consented to become security, had they known that judgment had been entered. (*Tidd's Pr.* 233. 1 *Sellon*, 141. *Barnes*, 92.) Bail taken after a continuance day, is to be filed of a

subsequent term. If, then, the bail-piece was a nullity, the replication is bad.

Again; matter of defence in equity, or founded merely on the practice of the Court, cannot be pleaded. (2 *East*, 442. 1 *Chitty Pl.* 460. *Tidd's Pr.* 1022.)

*Hammond*, contra. The recognizance roll need not be filed until the bail are sued ; and, until enrollment, the recognizance does not bind the bail. When enrolled, it is a record ; and, as a record, it cannot be put in issue by the plea ; for the sufficiency of a record cannot be tried by a jury. (1 *Chitty Pl.* 316. *Yelv.* 39, 40.) Although a recognizance of bail is taken before a judge at his chambers, yet the course is to enter it, as taken in Court, for the recognizance is not obligatory by the mere caption, but by its being entered of record. (2 *Saund.* 72. *c.* note.)

Again ; the bail-piece being taken by consent of the parties, is to have the same effect, as if it had been filed of the term in which the *cap. ad resp.* was returned. The parties are concluded by their agreement, which was sanctioned by the Mayor's Court, who have made the recognizance a matter of *record ;* and the defendants can have no relief, but by motion in that court, or by writ of *audita querela* there.

There can be no averment by pleading against a record. Its operation or effect may be questioned ; but not its truth or validity. If the defendant would allege any variance, he should plead *nul tiel record.* But he admits the record by his plea.

There is no particular time for filing bail. The Court may order it to be filed *nunc pro tunc*, and their decision is conclusive. (*Napier* v. *Whipple*, 3 *Caines*, 88. *Brett* v. *Van Norden*, 1 *Johns. Cas.* 390. *People* v. *Stevens*, 9 *Johns. Rep.* 72.)

SPENCER, J. delivered the opinion of the Court. The course of the argument adopted by the counsel did not appear to me adapted to this case. The plaintiff declares in debt, on a record of recognizance of bail entered into by the defendants, in the Mayor's Court, as of *April* term of

that Court, in 1810; and refers, in his declaration, to the record of recognizance remaining in that Court, in the usual form of declaring on records of judgment or recognizance, *prout patet per recordum.*

The defendant's plea impeaches the record, in stating that the bail-piece, which is the warrant for the recognizance record, was not acknowledged by the defendants, until after the judgment in the original cause, to wit, the 24th of *January*, 1811 ; and the plea concludes with the allegation, that the bail-piece is void. As the plea is clearly bad, it is unnecessary to take any particular notice of the replication. Although the recognizance of bail is taken before a single judge of a court, it is, in legal contemplation, done in court ; and it is so entered. The bail-piece is a mere memorandum of the recognizance, authorizing the making up the record of recognizance of bail, and when that is filed, it becomes a record of the Court ; and the party in whose favour it is acknowledged, may, on its being forfeited, bring either a *scire facias*, or debt, at his election. The validity of records, among which are recognizances of bail, cannot, in pleading, be impeached or affected by any supposed defect or illegality in the transaction, on which they were founded ; nor can there be any allegation against the validity of a record. (1 *Chitty Pl.* 354. and the cases there cited.) It is to be observed, that all the pleas by bail, of which we have any precedent, state matters consistent with the record. If the record is untruly stated, the defendants can avail themselves of such defect, only by pleading *nul tiel record.*

Judgment for the plaintiff.