NEW YORK.<br>May, 1825.

Griswold<br>v.<br>Stewart

Judgment for the plaintiff.

---

GRISWOLD *against* STEWART AND THIRTY-ONE OTHERS, HEIRS AND TERRE-TENANTS OF WALTON.

On *scire facias* against Stewart and others, setting forth a judgment of this Court in favor of the plaintiff, against Walton, for $5866 02 debt and costs, on the 29th October, 1813; that execution thereof still remained to be made; that Walton was dead; and commanding the sheriff of Columbia county to warn the heirs and tenants of all the lands in his bailiwick, whereof Walton or any other person or persons, in trust for him, were seised on the 29th of October, 1813, or at any time after, to show cause, &c. why the debt and costs should not be made of those lands and tenements;

Stewart, being warned as one of the tenants on the day of the rendition of the judgment, appeared and pleaded two pleas, one of which, and the only one which it is important to notice, was thus: that the suit, in which the judgment was obtained against Walton, was commenced by bill, he being an attorney and counsellor of this Court; and that he died before the rendition of the judgment, to wit, on the 5th

A judgment by default, entered at a term which commences after the defendant's death, is void. It is not made good by any statute; and is not good by relation; for,

A judgment does not relate back to a period beyond the first day of the term at which it is entered.

On a *scirs facias* upon such a judgment against the terre-tenants, they may show by plea that the judgment was so entered; for,

The rule that one cannot contradict a record applies only to such as are parties or privies to the record, and may bring error; and

The rule that one cannot, to a *scire facias*, plead any matter which he might have pleaded to the original action, is also limited to parties or privies.

NEW YORK, day of October, 1813 ; and that the judgment was obtained
May, 1825. by default, and without issuing any writ of *scire facias.*

Griswold
v.
Stewart.

General demurrer and joinder.

*J. Lynch,* in support of the demurrer, said the plea is bad,
1. Because it impeaches the validity of a record. (1 Chit.
Plead. 354. *Hayward* v. *Ribbans,* 4 East, 310. *Horsy* v.
*Daniel,* 1 Lev. 161. *Moses* v. *Macferlan,* 2 Burr. 1007, *ar-
guendo. Drake* v. *Mitchell,* 3 East, 251, 258.) According
to the record, Walton appeared, and must have been alive.
2. Because it sets up matter of defence which existed prior
to the judgment. (*M'Farland* v. *Irwin,* 8 John. Rep. 77, 79.
*Cook* v. *Jones,* Cowp. 727-8. *Bush* v. *Gower,* 2 Str. 1043.)

*D. Cady,* contra. The judgment was absolutely void as
to every one except parties or privies, and all who could not
bring error. ( *Warter* v. *Perry & Spring,* Cro. Eliz. 199.
*Proctor* v. *Johnson,* 2 Salk. 600. 1 Ld. Raym. 669, S. C.)
Error could not have been brought by Stewart, the terre-
tenant. (Bac. Abr. *Error,* (B).
At any rate, the judgment does not relate to a day when
Walton was living, and is no lien on land which had ceased
to be his, when the judgment was entered. (*Heapy* v. *Par-
ris,* 6 T. R. 368.) The lands had descended ; and it is only
of lands, whereof he was seised at the rendition of the judg-
ment, that execution could be had. (1 R. L. 500, 501, s. 2.)

*Curia,* per SUTHERLAND, J. The rule, that records can-
not be impeached in pleading, is founded on the considera-
tion, that the regular and orderly way of trying their valid-
ity is by writ of error ; and that it might lead to great abuse,
to permit the solemn judgments of a Court of record to be
incidentally called in question in pleading, when a more
direct and satisfactory mode of testing their validity ex-
ists. (1 Chit. Pl. 354, and the cases there cited. *Green*
v. *Ovington,* 16 John. 55.)
The reason of the rule shows its limitation. It is confined
to parties or privies, who alone can bring error. (Bac. Abr.
*Error,* (B) and the cases there cited.) It does not apply to
strangers. Thus, in *Warter* v. *Perry & Spring,* (Cro. Eliz.

199,) which was *scire facias* against bail, they pleaded that the principal was dead the day of the judgment given; and the objection was taken that the plea went to avoid the judgment as being erroneous; but the plea was held good; because the bail could not have a writ of error to reverse the judgment. So in *Proctor* v. *Johnson*, (1 Ld. Raym. 669,) the question was, whether a *scire facias* lay at common law, against the terre-tenants on a judgment in ejectment. It was held that it did; and Holt, C. J. said, " upon the *scire facias* the terre-tenants will have notice; and they, being strangers to the judgment, may falsify." (2 Salk. 600, S. C.) The case of *Randall and his wife*, (2 Mod. 308,) establishes the same doctrine. That was an action of debt upon an administration bond; and the defendants pleaded a judgment recovered against the intestate, and *nil assets ultra*. The plaintiff replied that there was an action against the intestate, but that he died before judgment; and that, after his death, judgment was obtained, and kept on foot *per fraudem*. The defendants traversed the fraud, but did not answer the death of the intestate, and the plaintiff demurred. The replication was held good; because, the judgment being manifestly bad, and the plaintiff a stranger to it, he had no other way *to avoid it but by plea*.

But it is said the plea is bad, because the matter of defence which it sets up existed prior to the judgment, within the cases of *M'Farland* v. *Irwin*, (8 John. Rep. 77;) *Cook* v. *Jones*, Cowp. 727;) and *Bush* v. *Gower*, (2 Str. 1043.) The rule, that nothing which was a defence to the original action can be pleaded in *scire facias*, applies only to the original parties or to privies, not strangers. This is evident from the reason and nature of things.

If, then, the defendant has a right to set up this matter of defence, is it not conclusive, to show the judgment which is sought to be enforced, absolutely void as against the defendant? It was a judgment by *default*, not by *confession* or *verdict*, and, therefore, not within the statute of 17 Car. 2, c. 8, (Tidd, 847, 1 R. L. 144, s. 5,) which provides that the death of either party, *between verdict and judgment*, shall not be alleged for error, so as the judgment be entered

NEW YORK, within two terms after the verdict ; nor within the act of
May, 1825. April 15th, 1814, (sess. 37, ch. 200, s. 40,) which has a pro-
vision similar to the last in relation to judgments entered

Griswold
v.
Stewart

by confession, after the death of the defendant ; so that they
be entered in two terms after the signing a plea of confes-
sion in actions pending during the defendant's lifetime ;
nor is it within the 10th section of the act concerning ex-
ecutors and administrators, (1 R. L. 312,) which provides
that judgment shall not abate by the death of either party,
after interlocutory judgment, (8 & 9 W. 3, c. 11 ; Tidd,
847 ;) for the representatives of the deceased were not
brought in and made parties by *scire facias*, which was
necessary by that statute.

Nor can the judgment be supported on the ground of re-
lation. It cannot relate back to a period anterior to the
term as of which it was entered. (Tidd, 849, and the cases
there cited.)(*a*) It was entered on the 29th October, 1813,
i. e. during the October term, which commenced on the
third Monday of that month. Walton died on the 5th,
about a fortnight before the term commenced. The judg-
ment is, therefore, void ; and the demurrer consequently
well taken. If void, it was no lien on the lands of the de-
fendant ; a conclusive objection against an execution upon
land in the hands of the terre-tenants.

Judgment for the defendant.

(*a*) And vid. *Bennet* v. *Davis*, 3 Cowen's Rep. 68.