## THE PEOPLE *vs.* LEGGETT.

A recognizance, taken in pursuance of an order of an officer authorized to let to bail, and by an officer having general jurisdiction to let to bail, and to take recognizances, though he be not the officer before whom the application to let to bail is pending, is valid; especially where the officer acquires jurisdiction of the person of the party, by his voluntary appearance and acknowledgment, and where the officer before whom the application is pending subsequently adopts the recognizance thus taken, and lets the prisoner to bail on the faith of it, and the recognizance itself is filed by him, and becomes a record.

DEMURRER to pleas. The action was debt on a criminal recognizance. The facts set forth in the pleadings, and the questions of law raised by the demurrer, appear from the opinion of the court.

*J. Moore, Jun.* (district attorney,) for the plaintiffs.

*W. S. Bishop*, for the defendant.

*By the Court*, GRIDLEY, J.   In this case all the questions which arise upon the pleas to which demurrers have been put in, have been decided by the late supreme court, upon a demurrer to the declaration. The declaration is founded upon a recognizance dated on the 10th day of March, 1846, executed in the county of Niagara and acknowledged before the Hon. Nathan Dayton, circuit judge, conditioned that one Gabriel Leggett, who (as it was recited in the condition) stood indicted by a presentation made by the grand jury of Jefferson county, at the February term of the court of general sessions of Jefferson county in the year 1845, for a felony theretofore committed, should personally be and appear at the next court of general sessions to be holden at the court house in and for the county of Jefferson, on the last Monday of May, 1846, then and there to answer to said indictment, and further to do and receive what should then and there be enjoined upon him, &c. and

The People *v.* Leggett.

averring a breach of the said recognizance in the non-appearance of the said Gabriel Leggett at the time and place specified for his appearance, &c. To this declaration the defendant has pleaded—1. Nul tiel record. 2. That the recognizance on which the defendant was prosecuted was in the following words, setting it out. 3. That the said Gabriel Leggett was imprisoned in the county of Jefferson, and that the said recognizance was taken in the county of Niagara; and that said Gabriel was never before said N. Dayton, and the said Dayton never made any order letting him to bail. The fourth plea sets out the recognizance *in hæc verba*, and then avers that said Dayton never made any order letting the said Gabriel to bail, and that said Gabriel was never before said Dayton. 5. That the *defendant* in this suit was not present when the judge (Sherman) in the declaration mentioned made any of the orders therein set forth. 6. That said Gabriel Leggett was not at any time present before the said Nathan Dayton, and that said Nathan Dayton never acquired any jurisdiction over the said Gabriel.

The pleas were severally demurred to, and many special causes of demurrer were assigned which we do not deem it useful to examine, for the reason that every fact which has been pleaded is stated in the declaration itself, and the whole matter of the pleas is *res adjudicata* by the decision upon the demurrer to the declaration in this very case.

The declaration, with great particularity, avers the indictment by a grand jury of Jefferson county of the said Gabriel Leggett; his imprisonment on that charge in the jail of that county; his application to Judge Sherman of the same county to be let to bail; and the proposal, by the prisoner, of the defendant and one Joseph Fuller, residing in the county of Monroe, as his sureties; his moving for an adjournment of the proceeding, to enable him to procure their recognizances to be taken, before some proper officer in another county; the decision of the judge that the prisoner should be let to bail, on giving his own recognizance, and on procuring that of the two sureties proposed by him, acknowledged before some proper officer in, or near, the county where they resided; and the adjournment of

the proceeding to enable the prisoner to procure the said recognizance. The declaration then alleges the making of the recognizance, setting it forth truly, and avers that on the adjourned day, it was produced before Judge Sherman, who received it and took the prisoner's own recognizance and caused the same to be filed in the office of the clerk of the county, whereby they *became records,* and thereupon discharged the prisoner on bail as aforesaid ; and then averring a breach, in appropriate form. To this declaration the defendant demurred, and in his special causes assigned relied on all of the objections which are set forth in the pleas. The opinion of the court was delivered by the late Chief Justice Beardsley, a copy of which has been furnished to us, in which he declares that the declaration is good, upon a principle on which all the members of the court were agreed, in the case of *The People* v. *Kane,* (4 *Denio,* 530,) although as to some other points they held different opinions. This decision, having been made in this very case, and on the very points now presented, we regard as conclusive upon us.

The brief opinion to which we have referred does not explain, very clearly, the ground upon which the decision was placed. It may have been placed upon the ground that the recognitor having voluntarily appeared and entered into the obligation before an officer authorized both to let to bail and to take recognizances, and the recognizance having been received and acted on as though all the facts had existed, necessary to render it valid, and having been *filed and thus become a record,* the defendant was *estopped* from setting up any facts aliunde, which would render it void. I can readily perceive that the defendant should be held estopped from contradicting any fact, recited or alleged in the written obligation which he has signed. And if that contains enough to show jurisdiction in the officer taking the recognizance, then it is not perceived why the principle of estoppel is not a tenable ground on which to place the decision. If, however, the instrument itself does not contain any recital or statement which is inconsistent with the existence of other facts which would show that the officer had never acquired any jurisdiction to take the recognizance ; then it is

difficult to see why such facts may not be shown, upon the familiar principle which admits of proof, aliunde, of the want of jurisdiction, to sustain an act or judgment of an officer or court of special and limited jurisdiction.

Again ; the decision may have rested, and we think *must* have rested, on the ground that nothing appeared on the face of the declaration to show that Judge Dayton had not jurisdiction to take the recognizance in question.   For, if the facts, which appeared in the declaration, clearly showing that Judge Dayton was not the officer who entertained the application of the prisoner and finally let him to bail, would render void a recognizance taken by Judge Dayton in pursuance of an order of the officer before whom the application of the prisoner *was* pending, and who finally let him to bail upon the recognizance in question ; if those facts would show that Judge Dayton had no jurisdiction to take the recognizance, then the demurrer to the declaration should have been allowed.   We therefore infer that it was the judgment of the court that a recognizance taken in pursuance of an order of an officer authorized to let to bail, and by an officer who had general jurisdiction to let to bail and to take recognizances, though not the officer before whom the application was pending, was valid ; especially when the officer acquired jurisdiction of the person of the party by his voluntary appearance and acknowledgment, and when the officer before whom the application was pending, adopted the recognizance thus taken, and let the prisoner to bail on the faith of it, and the recognizance itself was filed and became a record, we repeat, that we are bound to regard the court as holding such a recognizance good ; and we know of no provision of the statute, and no sound reason why it should not be held valid.   We therefore, without any further examination of this case, allow the demurrer to the pleas.

Judgment for the plaintiffs.