## CAMPBELL and others *vs.* HOYT and others.

A bond of indemnity, given to the sheriff of Monroe county, acknowledged before a commissioner of deeds in the city of New York, cannot be read in evidence at the circuit in Monroe county, without the certificate of the clerk of the county of New York, authenticating the certificate of the commissioner.

It was not the intention of the legislature, by the 9th section of the act of 1833, relative to the proof and acknowledgment of written instruments, to discriminate between conveyances of real estate, and other written instruments, in regard to their authentication by the county clerk, for the purpose of evidence, as previously provided by the revised statutes.

The latter instruments may be proved or acknowledged in the manner provided for the proof or acknowledgment of conveyances of real estate, and the certificate of the proper officer, indorsed thereon, will entitle them to be received in evidence, with the same effect, and in the same manner, as if they were such conveyances.

Such instruments may be received as evidence upon the certificate of proof or acknowledgment, in the same manner as deeds of lands, viz: upon that certificate alone, within the county of the officer, and elsewhere upon that certificate with an additional certificate of the county clerk, authenticating it.

THIS was a motion for a new trial, on a bill of exceptions, taken at the circuit. The judge who tried the cause directed the exceptions to be heard in the first instance at a general term. The action was trespass, for the wrongful taking of a quantity of merchandise, being part of a stock of goods in a store in the city of Rochester. The plaintiffs claimed the goods under and by virtue of an assignment executed by Timothy Chapman, the former owner, to them in trust for the benefit of creditors. The defendants Hoyt, Tillinghast, Knight and Greene, put in an answer jointly, and the defendants Woodworth and Pardee answered separately from the others. The answers denied the allegations of the complaint, and the defendants justified the taking of the goods by virtue of two judgments and two executions; one in favor of Hoyt, Tillinghast, Knight and Greene, and the other in favor of George P. Lord and Samuel N. Brown, against Timothy Chapman, alleging the goods to be those of Timothy Chapman, and that the defendants, Woodworth and Pardee, were sheriff and deputy sheriff of the county of Monroe, and the goods were taken by virtue of such executions against him. The answers also alleged that the assignment, under which the plaintiffs claimed, was fraudulent and void as against the creditors of Chapman. On the trial the plaintiffs proved the execution of the assignment to them, from Chapman, dated August 10, 1853, and the possession of the goods by them, in pursuance thereof. The levy upon the goods by the defendant Pardee, as deputy sheriff, on the 12th of August, 1853, and the removal thereof by him, on the 22d of October, 1853, were also proved. The recovery of the judgments against Chapman, and the issuing of executions thereon, were also proved. The goods were levied upon together, on both executions, and the proceeds of the sales were applied on both. The plaintiffs produced and offered to read in evidence a bond of indemnity to the sheriff, to indemnify and save him harmless, for levying upon and selling the goods in question. This bond was signed and sealed by the defendants Hoyt, Tillinghast, Knight and Greene, and by George B. Lord. And upon it was indorsed the following certificate of acknowledgment:

" *City and county of New York, ss.* On the seventeenth day of October, one thousand eight hundred and fifty-three, before me appeared Edwin Hoyt, Philip Tillinghast, Nehemiah Knight, William B. Greene and George P. Lord, all known to me to be the same persons described in and who executed the within bond, and they severally acknowledged to me that they executed the same. RICHARD WINNE,

*Com'r of Deeds."*

The counsel for the defendants Hoyt, Tillinghast, Knight and Greene, objected to the bond being read in evidence, as not being sufficiently proved; and to the acknowledgment being read in evidence, because the acknowledgment purported to be taken before a commissioner residing in the city of New York, and not in the county of Monroe, and because there was no certificate of the county clerk of the county of New York, or of any other clerk, that such commissioner was authorized to take the acknowledgment, or any certificate whatever. But the court overruled the objection and permitted the acknowledgment and bond to be read in evidence, and the counsel for the defendants Hoyt, Tillinghast, Knight and Greene, excepted to the decision. The acknowledgment and bond were then read in evidence by the counsel for the plaintiffs. The plaintiffs rested, and the counsel for the defendants Hoyt, Tillinghast, Knight and Greene, moved that they be discharged, on the ground that no case had been made out as against them, but the court refused the motion, and the counsel for these defendants excepted to the decision. The court charged the jury, among other things, that the defendants Hoyt, Tillinghast, Knight and Greene having given the sheriff a bond of indemnity, and the terms of the bond being unlimited, those defendants, by reason of this bond, were liable for the value of all the goods taken by the sheriff, and that they must render a verdict against all the defendants, for all the goods taken by the sheriff. To so much of said charge as held that the defendants Hoyt, Tillinghast, Knight and Greene, were liable for all the goods taken; also, to so much of said charge as held them liable at all; also, to so much as held that the verdict

must be for the full amount against all the defendants, the counsel for the defendants excepted.

The jury found a verdict in favor of the plaintiffs, for the value of the goods.

*S. Mathews,* for the plaintiffs.

*M. S. Newton,* for the defendants.

*By the Court,* T. R. STRONG, J.  The bond of indemnity was important evidence in the case, to establish the liability of the defendants who executed it.  There was indorsed upon it a certificate, in due form, purporting to be by a commissioner of deeds in the city of New York, of the acknowledgment of the bond by the obligors; and it was offered in evidence under section 9 of chapter 271 of the laws of 1833, (*Laws of that year, p.* 396,) which is in the following words : " Every written instrument, except promissory notes and bills of exchange, and except the last wills of deceased persons, may be proved or acknowledged in the manner now provided by law for taking the proof or acknowledgment of conveyances of real estate ; and the certificate of the proper officer indorsed thereon, shall entitle such instrument to be received in evidence on the trial of any action, with the same effect and in the same manner as if such instrument were a conveyance of real estate."  The counsel for the defendants who executed the bond, objected to its being received in evidence, for the reason, among others, that there was no certificate of the county clerk of the county of New York, that such commissioner was authorized to take the acknowledgment.  By section 18 of chapter 3 of the third part of the revised statutes, relating to " the proof and recording of conveyances of real estate," &c. it is provided that " where any conveyance shall be proved or acknowledged, before any judge of the county courts, not of the degree of counsellor at law in the supreme court, or before any commissioner of deeds appointed for any county or city, it shall not be entitled to be read in evidence, or to be recorded in any other county than that in

Campbell *v.* Hoyt.

which such judge or commissioner shall reside, unless in addition to the preceding requisites there shall be subjoined to the certificate of proof or acknowledgment, signed by such judge or commissioner, a certificate under the hand and official seal of the clerk of the county in which such judge or commissioner resides, specifying that such judge or commissioner was, at the time of taking such proof or acknowledgment, duly authorized to take the same, and that the said clerk is well acquainted with the handwriting of such judge or commissioner, and verily believes that the signature to the said certificate of proof or acknowledgment is genuine." (1 *R. S.* 759.) The question is, whether the provision is applicable to the instrument embraced in the section first above recited of the act of 1833, so far as to require the certificate specified in the provision, of the county clerk, in the cases therein provided for, to entitle the instruments to be read in evidence. There does not appear to be any good reason for a discrimination between conveyances of real estate and the other class of written instruments, in regard to their authentication by the county clerk for the purpose of evidence ; and I think it obvious from the language of the first mentioned section that none was intended by the legislature. The latter instruments may be proved or acknowledged in the manner provided for the proof or acknowledgment of conveyances of real estate, and the certificate of the proper officer indorsed thereon shall entitle them to be received in evidence, with the same effect, and in the same manner as if they were such conveyances. The certificate mentioned is the certificate of the proof or acknowledgment, but the words, "and in the same manner," were doubtless used for some purpose, and it is not easy to see for what, unless it was to adopt, in regard to the instruments for which that section provides, the provision relating to conveyances of real estate for the authentication of the certificate of proof or acknowledgment, of certain officers, when the conveyances are to be recorded or used as evidence out of the county of the residence of those officers. The instruments may be received as evidence upon the certificate of proof or acknowledgment, in the same manner as deeds of land, that is,

upon that certificate alone within the county of the officer, and elsewhere upon that certificate with an additional certificate of the county clerk authenticating it.

In *Wood* v. *Weiant,* (1 *Comstock,* 77,) it became material to the plaintiff's case to introduce in evidence a deed acknowledged before a commissioner of deeds of another county than that in which the trial was had. The judge rejected the evidence, because there was no certificate of the clerk of the former county, pursuant to section 18 of 1 *R. S.* 759. The plaintiff insisted that the deed might be read under the act of 1833. (*Laws of* 1833, *p.* 396, § 9.) Ruggles, circuit judge, in a written opinion in the case, says, in regard to the 9th section of the act of 1833, " this section was not intended to apply to deeds of real estate ; they were already provided for, and when that section provides that the instruments embraced within its scope shall be received in evidence in the same manner as if they were deeds, it recognizes the existing law in relation to deeds as still in force, and puts other instruments on the same footing as deeds, not only with respect to the certificate of acknowledgment or proof, but with respect to the authentication of the certificate by the county clerk." The court of appeals held that the question in regard to the admissibility of the deed in evidence was properly decided by the circuit judge. It is not expressed in words that the court adopted the view taken by the circuit judge in the latter part of his opinion, but I think it a fair inference that they did so. That is directly in point in support of the necessity of a certificate of the county clerk authenticating the certificate of the commissioner, to warrant receiving the bond in evidence, in this case.

It is made a point on the part of the plaintiff, that the production of the bond by one of the defendants, on notice from the plaintiffs, rendered further proof of its execution unnecessary. The bond was produced by the defendant Woodworth, to whom it was given as sheriff, at the request of the plaintiffs' counsel ; and further proof of its execution was not necessary as to him ; but as to the other defendants, in whose behalf the objection was made, the plaintiffs were not thereby relieved from the ne-

cessity of making full proof of the execution of the bond. Woodworth's admission of the genuineness of the bond, by his production of it, was no more binding on his co-defendants than would be any other admission he might have made in the case.

A new trial must be granted, with costs to abide the event.

[MONROE GENERAL TERM, March 2, 1857. *T. R. Strong, Welles* and *Smith,* Justices.]