The defendant claimed title to the land in dispute under a sale that was made pursuant to a decree of the Court of Chancery, in a partition suit, in the year 1826. The plaintiffs claimed title to the land, as heirs-at-law of Samuel Requa, deceased, who was a defendant in the partition suit, but died after the bill in that suit was taken as confessed, and before the decree was made for the sale of the land.
The defendant's counsel has made the following points, among others, namely: 1. That the decree of the Court of Chancery, being made by a court of general jurisdiction, was conclusive against all who were parties or privies, and was not impeachable by any proof that the parties to the suit, or any of them, were not properly before the court; that the plaintiffs, being privies in blood and estate of Samuel Requa, could not attack the decree collaterally in this action by proof that said Samuel died before it was made; that the only way they could avoid it was by a motion to set it aside, or by appeal or writ of error: 2. That the plaintiffs ratified the sale by proceedings in court for the disposition of the proceeds of the sale of the land, and by receiving portions thereof, and were estopped, by such acts and by seeing the purchaser, or occupants who claimed title to land under him, making valuable improvements thereon without informing them that they claimed any interest in the land, from questioning the regularity or validity of the decree or sale under it.
Among the many cases cited by the defendant's counsel in support of his first point are the following: Randall and Wife
(2 Mod., 308); Plommer v. Webb (2 Ld. Raym., 1415);Reynolds, Varney and others v. Digman (Dyer, 89b); andGriswold v. Stewart (4 Cow., 457). He also cited numerous authorities in support of his second point; but, in the view I feel constrained to take of the case, it would be useless to mention any of them. *Page 355 
The action is an ancient one. It was commenced in the year 1844. The defendants succeeded twice at the circuit and twice at the general term of the Supreme Court. But the two judgments in his favor were reversed by this court, and new trials were ordered. The plaintiffs succeeded on the third trial at the circuit, and the judgment then rendered in their favor is the one now under review. The opinion of this court in the case, the first time it was here, is reported in 16 New York, page 193; and that delivered the second time it was here has not been reported, but it is printed and annexed to the case.
This court decided, when the case was here the first time, that the plaintiffs could attack the decree of the Court of Chancery collaterally, by proof that Samuel Requa died before the same was made; and, when it was here the second time, that the plaintiffs were not estopped by what they had done from questioning the regularity or validity of the decree. Those decisions were concurred in by all the judges who were members of this court at the times they were pronounced.
The second time the case was in this court, it was substantially the same as it now is, so far, at least, as it affects the two points to which I have referred.
It would hardly be respectful, besides being presumptuous, in me, at the first term of my sitting in this court, to question the correctness of either of its decisions in this case, however strong my conviction might be that either was erroneous; and the pecuniary interests of the parties, as well as the general good, require that this court should exhibit stability in the case, rather than overrule either of the decisions it has pronounced in it. For, should we now overrule either of those decisions, counsel for the plaintiffs could not be blamed for bringing the case back here after another trial, and asking this court, when other judges shall be sitting in it, to go back and decide the case as it was determined the first and second times it was here.
The plaintiffs did not recover any damages for the withholding of possession of the land from them by the defendant. Hence, the points taken by the defendant at the trial, affecting *Page 356 
the question of damages, may be regarded as out of the case.
There is no other question in the case that need be noticed. The judgment of the Supreme Court in the action must be affirmed, with costs.
All the judges concurring,
Judgment affirmed.