## The People vs. David Hurlbutt and George L. Trask, impleaded with Sereno Hickock.

The legislature had the power, notwithstanding the constitution of 1846 abolished the office of supreme court commissioner, to authorize county judges to do all the acts under such constitution that could be performed by supreme court commissioners, in letting to bail persons charged with crime prior to the adoption of that constitution.

And when the legislature enacted that county judges, when not holding court, may do whatever acts judges of the court of common pleas, being of the degree of counsellors of the supreme court and acting as supreme court commissioners, could do on the 12th of May, 1847, they conferred the power on county judges to let to bail persons charged with crime, whether indicted or not, in all cases where a justice of the supreme court can let to bail.

And county judges, though not counsellors of the supreme court, may now do whatever acts supreme court commissioners might perform, prior to the constitution of 1846.

Hence they are authorized to let criminals to bail, though the latter are indicted for crimes not cognizable by the courts of sessions of their respective counties.

And the certificate of acknowledgment of a county judge is entitled to be read in evidence, or recorded, in another county, without being authenticated by the clerk of the county of which the officer is judge; whether such judge is or is not of the degree of counsellor at law.

Where a person charged with crime is confined in a county jail, the county judge of another county is authorized to take the acknowledgment of the execution of a recognizance by the prisoner's sureties, within the latter county, in order that the recognizance may be sent to and acknowledged by the prisoner, and he be let to bail.

As the statute only requires that recognizances in criminal cases, not taken in open court, "shall be in writing, and shall be subscribed by the parties to be bound thereby," it is only necessary that the criminal should appear before the judge, to confer jurisdiction upon such judge to let him to bail. This is all the statute requires.

The judge has authority to accept of individuals as sureties in the recognizance, though they do not personally appear before him.

The better practice, however, is for the judge to require the person desiring to be let to bail to bring his sureties before him; and a judge would be justified in refusing to let a person to bail whose sureties do not personally come before him. *Per* Balcom, J.

Where an acknowledgment of the recognizance is upon it at the time the recognizance is presented to the judge who lets the prisoner to bail, which acknowledgment was taken before another judge, the judge letting to bail

The People *v.* Hurlbutt.

will be deemed to have approved of such acknowledgment;, and his ap‑proval of what has been done is equivalent to a precedent authority.

Where a recognizance had upon it this indorsement, "Filed Feb'y 25, 1863," not signed by any one; *Held* that the presumption was that the paper was filed in the office of the clerk of the county where the prisoner was let to bail; and upon that assumption, it became a record.

THIS was an action on a recognizance in the words and figures following, to wit:

"State of New York, County of Chemung. We, Sereno Hickock of said county, and David Hurlbutt and George L. Trask of the town of Butternuts, in the county of Otsego, acknowledge ourselves indebted to the people of the state of New York, in the sum of $1000: That is to say, the said Sereno Hickock in the sum of $1000, and the said David Hurlbutt and George L. Trask, each in the sum of $1000, to be levied of our goods and chattels, lands and tenements, to the use of the said people, if default shall be made in the condition following: The condition of this recognizance is such, that whereas the said Sereno Hickock was, on the 2d day of February, 1863, indicted by the grand jury of Che‑mung county for the crime of rape, commited upon one Helen Smith, and also for the crime of rape committed on Amelia Lytizer. Now, therefore, if the said Sereno Hickock shall personally appear at the next court of oyer and termi‑ner, to be held in and for the county of Chemung, on the first Monday of April, 1863, at the court house in the village of Elmira, to answer to said indictment, and to do and re‑ceive what shall, by the court, be then and there enjoined upon him, and shall not depart the court without leave, then this recognizance to be void, otherwise in force.

DAVID HURLBUTT, [L. S.]<br>
GEORGE L. TRASK, [L. S.]<br>
SERENO HICKOCK," [L. S.]

Subscribed in the presence of

E. M. Harris,

E. P. Brooks as to Hickock.

"State. of New York.   Otsego county, ss.   On this 19th day of February, 1863, before me personally came David Hurlbutt and George L. Trask, to me known to be the same persons described in, and who executed the foregoing .instrument, and acknowledged the execution thereof.

E. M. HARRIS, County Judge of Otsego county.

Chemung county,. ss.   Taken and acknowledged by the said Sereno Hickock, before me this 24th day of February, 1863.

E. P. BROOKS, ·Chemung County Judge
and Counsellor in Supreme Court."

The recognizance was indorsed, "Filed Feb'y 25, 1863." And upon it was written with a pencil as follows : "I do not wish to be understood as assuming to have anything to do with this, except to take the acknowledgment, &c. E. M. H."

Hurlbutt and Trask defended the action.

The action was tried at the Chemung circuit, in September, 1863.   The evidence established that an indictment for rape on Amelia Lytizer was found against Hickock, by the grand jury, at a court of oyer and terminer held in Chemung county on the 2d day of February, 1863 ; and that he did not appear to stand trial thereon at the next term of that court in said county, held in April of the same year ; and that at said April term the recognizance above set forth was estreated and ordered prosecuted.

The defendants' counsel took many exceptions on the trial ; and such as the court deemed of sufficient importance to discuss, are mentioned in the following opinion.

The jury rendered a verdict in favor of the plaintiffs for $1000, and the judge directed that the exceptions be heard in the first instance at a general term of this court, and judgment was, in the meantime, suspended.

*John Murdock,* (Dist. Att'y,) for the plaintiffs.

*H. B. Smith,* for the defendants.

*By the Court,* BALCOM, J.   Until July, 1847, every judge of the county courts of any county, being of the degree of counsellor in the supreme court, was, by virtue of his office, a supreme court commissioner.  (2 *R. S.* 281, § 32.)   In December, 1847, the legislature enacted that "every county judge within the county in which he shall have been elected, shall have power, and it shall be his duty, to perform all such duties, and to do all such acts, when not holding a county court, as might have been done or performed by the laws in force on the twelfth day of May, one thousand eight hundred and forty-seven, by the judges of the court of common pleas, or by any one or more of them, at chambers or otherwise, when not holding court, or by any such judge *being of the degree of counsellor of the supreme court and acting as supreme court commissioner.*"  (*Laws of* 1847, *vol.* 2, *p.* 643, § 27.)   On the 12th day of May in that year, the statutes authorizing the bailing of persons indicted, were as follows :  "§ 56. In the cases where by law persons indicted may be let to bail, for their appearance at the court having cognizance of the offense, they may be so let to bail by the court having jurisdiction to try the offense charged ; or if such court be not sitting, by the chancellor, any justice of the supreme court, circuit judge *or supreme court commissioner ;* and if the offense charged may be tried in a court of general sessions, such persons may be let to bail by any judge of the county court of the county where such indictment was found."

"§ 57. No officers other than those specified in the last section, shall let to bail any person indicted for any offense." (2 *R. S.* 729.)

By the constitution of 1846, the office of supreme court commissioner was abolished, from and after the first Monday of July, 1847.  (*Laws of* 1847, *vol.* 2, *p.* 411, § 8.)

But the court of appeals has decided that, "though the constitution has abolished the office of supreme court commis-

sioner, its functions remain and may be distributed by the legislature among any of the judicial officers authorized by the
constitution." (*Hayner* v. *James*, 17 *N. Y. Rep.* 316 ; *also
see People* v. *Main*, 20 *id.* 434.)  The legislature therefore
had the power to authorize county judges to do all the
acts, under the constitution of 1846, that could be performed
by supreme court commissioners in letting to bail persons
charged with crime prior to the adoption of that constitution.
And when the legislature enacted that county judges, when
not holding court, may do whatever acts, judges of the court
of common pleas, being of the degree of counsellor of the
supreme court and acting as supreme court commissioners,
could do on the 12th of May, 1847, they conferred the power
on county judges to let to bail persons charged with crime,
whether indicted or not, in all cases that a justice of the
supreme court can let to bail.   And it is plain that county
judges, though not counsellors of the supreme court, may
now do whatever acts supreme court commissioners might
perform prior to the constitution of 1846.   Hence the conclusion is unavoidable that the county judge of Chemung
county was authorized to let the defendant, Hickock, to bail
though indicted for a crime not cognizable by the court of
sessions of that county.   (*Champlain* v. *The People*, 2
*Comst.* 84.)

The county judge of Otsego county did not attempt to let
Hickock to bail ; and the just inference from the case is that
Hickock was confined in the Chemung county jail at the
time the county judge of Otsego county took the acknowledgment of the defendants, Hurlbutt and Trask, as his sureties in the recognizance ; and I am of the opinion it was
competent for the county judge of Otsego county to take
their acknowledgment of the execution of the recognizance
within that county so that they could send it to Hickock and
have him taken before the county judge of Chemung county
and there acknowledge the same, and have him let out of

The People *v.* Hurlbutt.

jail thereon if deemed sufficient by that judge, who had the power to let him to bail.

This conclusion is sustained by the principle established by the decision in *The People* v. *Leggett*, (5 *Barb*. 360.)

When a person charged with crime is let to bail by a judge out of court, it is customary for the sureties to appear with such person before the judge, and there execute and acknowledge the recognizance. The forms of recognizances, given by learned authors, show this. (*See* 1 *Arch. Crim. Pl. by Waterman*, 553 ; *Barb. Crim. Law*, 2d ed. 715 &c.) But the statute only requires that recognizances in criminal proceedings, not taken in open court, "shall be in writing, and shall be subscribed by the parties to be bound thereby." (2 *R. S.* 746, § 24. *People* v. *Huggins*, 10 *Wend.* 465. *People* v. *Kane*, 4 *Denio*, 543.) It is only necessary that the criminal should appear before the judge, to confer jurisdiction upon such judge to let him to bail. This is all the statute requires. (2 *R. S.* 710, § 29.)

The better practice, however, is for the judge to require the person desiring to be let to bail to bring his sureties before him ; and this is the only safe course for an officer to pursue, when taking bail.

The imprudence there is in taking bail, when the sureties do not personally appear before the judge who takes it, would clearly justify him in refusing to let a person to bail whose sureties should not personally come before him.

My conclusion on this branch of the case is, that the county judge of Chemung county let the defendant, Hickock, to bail, and that he had authority to accept the other defendants as his sureties, though they did not personally appear before him. He must be deemed to have approved of the acknowledgment of the defendants, Hurlbutt and Trask, before the county judge of Otsego county, because such acknowledgment was on the recognizance when Hickock presented it to him ; and if that judge needed any authority from the county judge of Chemung county to take that ac-

knowledgment, the approval by the latter judge of what he had done was equivalent to a precedent authority.

The presumption, from the indorsement on the recognizance, is that the same was filed in the office of the clerk of Chemung county, who was *ex officio* clerk of the court of oyer and terminer of that county. But the objection that it was not filed in his office was not taken at the trial, and it is too late for the defendants' counsel now to raise it. For had that objection been taken at the trial it might possibly have been obviated by proof *aliunde* the indorsement itself. Clerks do not always sign their names as such (as they should) to indorsements of the times when they file papers in their offices. But they may, notwithstanding such omissions, testify that they filed papers in their offices at the times the indorsements thereon show they were filed somewhere, by some person.

The defendants' counsel has suggested that the case does not show that Hickock was admitted to bail at all. But the just inference from the case is that he was let to bail by the county judge of Chemung county; and a conclusive answer to this suggestion is that no such point was made at the trial. The case was tried upon the assumption that Hickock was in the Chemung county jail, awaiting his trial upon the indictments mentioned in the recognizance, at the time he was let to bail, and that the county judge of that county directed his release from imprisonment, and that he was released at that time; and this assumption must be adopted in determining the validity of the defendants' exceptions.

Assuming, as has been seen we ought, that the recognizance was filed in the office of the clerk of the Chemung oyer and terminer, it became a record, (*see People* v. *Leggett,* 5 *Barb.* 360 ; *People* v. *Kane,* 4 *Denio,* 530 ; *People* v. *Shaver,* 4 *Parker,* 45,) and the defendants were not at liberty to contradict any of the statements in it. (*Green* v. *Ovington,* 16 *John.* 55.)

The evidence established that the county judge of Otsego

The People *v.* Hurlbutt.

county was of the degree of counsellor at law in the supreme court. It is possible that such evidence was given for the purpose of making a case that would entitle his certificate to be recorded, or used as evidence in Chemung county, without being authenticated by a certificate of the clerk of Otsego county. (*See* 1 *R. S.* 759, § 18.    2 *id.* 2*d ed.* 325, § 74. 9 *Cowen,* 94.    23 *Barb.* 555.    1 *Comst.* 77.    19 *N. Y. Rep.* 279.)    But such evidence was unnecessary for the reason, as has been seen, that any county judge, though not of the degree of counsellor at law, is authorized by the act of December, 1847, above cited, to do any act' that any judge of the county courts, being of the degree of counsellor at law in the supreme court, could do on the 12th of May, 1847. The certificate of acknowledgment of the county judge of Otsego county, upon the recognizance, was therefore entitled to be read in evidence or recorded in Chemung county without being authenticated by the clerk of Otsego county, whether such judge was or was not of the degree of counsellor at law in the supreme court.

The certificate of acknowledgment of a supreme court commissioner, in one county, could always be read in evidence or recorded in any other county in the state, without any certificate of the clerk of his county being annexed to it. (1 *R. S.* 756, § 4.    *Id.* 759, § 18.)

There is no other question in the case that need be specially noticed.

My conclusion is that the case was properly disposed of at the circuit, and that the defendants' motion for a new trial should be denied, with costs.

Decision accordingly.