## STEUBEN COUNTY COURT.

HENRY JENNINGS, claimant, respondent, agt. BERTHA NEW-MAN, owner, appellant.

JAMES NEALE, claimant, respondent, agt. BERTHA NEWMAN, owner, appellant.

*Mechanic's lien — evidence of filing notice — form of judgment.*

A copy of the notice of claim required by the mechanics' lien law to be filed in the county clerk's office, when certified by the deputy clerk, under the county seal, is entitled to be used in the same manner as if certified by the clerk himself. It is in effect the act of the clerk by his deputy.

A copy of notice of mechanic's lien, in which the signatures are not proved or acknowledged, is not, though certified by the county clerk, admissible as evidence of the due filing of the proper notice of lien (*Following Sampson* agt. *The Buffalo, &c., Railway Co.*, 4 *N. Y. Sup. Ct. Repts.*, 600; *S. C.*, 2 *Hun*, 512.)

A judgment in the ordinary form of a judgment of a justice of the peace, in an action upon contract, is in legal effect a judgment establishing the lien as required by section 11 of the mechanic's lien law.

*March,* 1876.

APPEALS from judgments of a justice of the peace upon claims under the mechanic's lien law.

*Jas. H. Stevens,* for appellants.

*Wm. C. Windsor,* for respondents.

SPENCER, *County Judge.* — Upon the trial before the justice, claimant offered in evidence a copy, certified by the deputy

clerk under the county seal, of the notice of claim filed in the clerk's office. This was objected to by the defendant on the ground that the certificate purported to be made by A. E. Baxter, county clerk, while it was signed by the deputy clerk.

This objection was properly overruled. The certificate was in fact made by an officer authorized by law to make it (1 *Statutes at Large*, 349, *sec.* 58), and was duly authenticated by the county seal. It was, in effect, the act of the clerk by his deputy (*Lynch* agt. *Livingston*, 6 *N. Y.*, 430).

The further objection was taken, in substance, that neither the notice or its filing could be proved by a certified copy. The mechanics' lien law (*chap.* 489, *Laws of* 1873) authorizes the claimant to file in the clerk's office of the county where the property to be affected is located a notice in writing specifying the amount of his claim, the person against whom it is made, the name of the owner or party in interest, and the situation of the building on which the labor was done, or for which the materials were furnished constituting the claim.

The statute (1 *Statutes at Large*, 350, *sec.* 65) makes copies, certified by the clerk, of all papers filed in his office, evidence to the same extent that the originals would be if produced. It is to be observed that no objection is taken to the sufficiency of the notice if properly proved, but only that the certificate or certified copy is not evidence of the contents or genuineness of the notice. The test of this objection is what the original, if produced with evidence of its filing, would prove. It would certainly establish that there was on file in the proper office a notice of claim purporting to be given by the claimant in this case, and having, so far as form and contents are concerned, all the requisites to constitute a valid claim and lien. The statute does not require the notice to be signed; but if that were necessary the notice in this case contains in the body the full name of the present claimant as the party giving it, and the initial of the Christian and full surname appears signed at the end of the notice. There

would be no necessity of proving this signature genuine or that the notice was in fact filed by the claimant. It is enough that a notice in his name, authorized by law, is found on file. By bringing this action, founded upon it, he adopts it as his own (*Hoyland* agt. *Bill*, 36 *Barb.*, 57; *Dodge* agt. *Lambert*, 2 *Bosworth*, 570).

The identity of the person named in the notice with the claimant, is presumed from the identity of the name (*Jackson* agt. *Gors*, 13 *John.*, 518; *Jackson* agt. *King*, 5 *Cowen*, 237; *Jackson* agt. *Cady*, 9 *Cowen*, 140). The paper being one which claimant was authorized to file, and being found so filed, the presumption is that it was filed by him (*Jackson* agt. *Phillips*, 9 *Cowen*, 94; *The People* agt. *Halburt*, 44 *Barb.*, 126; *Burdick* agt. *Winan*, 44 *Barb.*, 226). For the purpose of this proceeding it would have been sufficient to produce from the proper custody, and the claimant was entitled to read in evidence, without further proof, the notice of claim in question. It follows that a certified copy is competent evidence of the contents of the notice, of the paper constituting the notice. The certified copy is also evidence of the fact and date of filing. The statute (2 *Statutes at Large*, 404, *sec.* 63) provide that the county clerk shall receive and deposit in his office all papers and documents which shall be offered for this purpose, and (*sec.* 64) that the same shall be properly indorsed so as to indicate their general character and the names of the parties thereto, and shall be filed by the officer receiving the same, stating the time when received; and (*sec.* 65) that they shall not be withdrawn, except on the order of some court of record, for the purpose of being used as evidence in such court and then returned; nor delivered without such order to any person, unless upon the written order of the person or persons who deposited the same, or their executors or administrators. The indorsement of the time of filing a paper is an official act and becomes a part of the paper filed, and a certified copy is equally evidence of the fact and time of filing as of the contents of the paper itself.

The position taken by the appellant, that the owner paid the contractor in full before the lien was filed, is not sustained by the evidence. No payment had in fact been made of the debt to Sheldon Bros. for materials amounting to $283.85. There was no such substitution of the owner in place of the contractor as the debtor of Sheldon Bros. as would operate as a payment by the contractors. I do not find that there was any arrangement whereby the latter was exonerated from their liability for that debt until at least the giving of the note by the owner, which was long after the lien was filed. The arrangement simply was that the owner should discharge her liability to the contractor by paying their debt to Sheldon Bros. While the latter assumed to accept payment from the owner, they did not consent to discharge the contractors.

The judgment is in the ordinary form of a judgment of a justice of the peace in an action upon contract. The lien law (*sec.* 11) provides that upon default judgment shall be entered establishing the amount of the lien. The proper form of judgment in this case would doubtless be something like the following:

I have this day (October 4, 1875) rendered judgment in favor of Henry Jennings, claimant, against Bertha Newman, owner, defendant, establishing the lien of said claimant against said owner at ................................... $34 82
Costs ...................................... 6 10

Judgment ............................... $40 92

But I think the judgment rendered is in legal effect a judgment establishing the lien. It must be regarded as having reference to the previous proceedings and the issue formed by the notice and answer. When the claimant's damages are ascertained, the law establishes the sum as the amount of the lien, and determines what execution shall issue.

Jennings agt. Newman.

These views would lead to an affirmance of the judgment, but as the supreme court at general term in this department (4 *N. Y. Sup. Ct. Rep.*, 600) has decided in a case like this, that notice of a claim under the mechanic's lien law cannot be proved by a certified copy, I am bound by an authority which I am not at liberty to disregard, to reverse the judgment in this case for the error, according to the decision in the admission of such certified copy. I am induced to believe, however, that the decision referred to was made without a due consideration of the nature of the instrument sought to be proved or to the statutes relating to the proof of documents in public offices by certified copies.

Judgment reversed.

NOTE.— We concur in the belief expressed by the county judge at the close of his opinion, that the decision in *Sampson* agt. *The Buffalo, &c., Railway Co.* (4 *N. Y. Sup. Ct. Reps.*, 600), and on the authority of which the judgment in this case is reversed, was made without a due consideration of the nature of the instrument sought to be proved, or to the statutes relating to the proof of documents in public offices by certified copies, and we think his reasoning, together with the statutes cited in the opinion, fully justifies this belief.