(176 App. Div. 56)

### PEOPLE v. BRUNO.

(Supreme Court, Appellate Division, Second Department. June 9, 1916.)

BAIL ☞77(1)—FORFEITURE—STATUTE—RETROACTIVE EFFECT.

Laws 1913, c. 400, effective September, 1913, amending Code Cr. Proc. § 595, touching enforcement of forfeiture of bail, and not section 595, as it existed in 1909, applies to the forfeiture of an undertaking entered into in June, 1909, notwithstanding General Construction Law (Consol. Laws, c. 22) §§ 93, 94, providing that the repeal of a statute or part thereof shall not affect or impair any act done, offense committed, or right ac-

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

cruing, accrued, or acquired, or liability, penalty, forfeiture, or punishment incurred, prior to the time such repeal takes effect, since the amendment of 1913 but affects the remedy, and does not deprive the defendant of any right of adequate relief.

[Ed. Note.—For other cases, see Bail, Cent. Dig. §§ 335–340, 379; Dec. Dig. ☜77(1).]

Appeal from Special Term, Kings County.

Action by the People of the State of New York against Frank V. Bruno. From an order denying motion to vacate and set aside a judgment for plaintiff for $5,000, defendant appeals. Affirmed.

Argued before JENKS, P. J., and THOMAS, CARR, MILLS, and RICH, JJ.

Thomas C. Whitlock, of Brooklyn, for appellant.

Hersey Egginton, Asst. Dist. Atty., of Brooklyn (James C. Cropsey, Dist. Atty., of Brooklyn, on the brief), for the People.

JENKS, P. J. The judgment upon forfeiture of the undertaking was entered upon a certified copy of the order of forfeiture, as authorized by chapters 119 and 590 of the Laws of 1909, which became effective in September, 1909. The defendant contends that there was no authority for such procedure, in that, when he entered into the undertaking in June, 1909, the procedure required an action. Section 595 of the Code of Criminal Procedure. The forfeiture occurred in 1914. I think that the procedure authorized by the said statute of 1914 was proper. Gildersleeve v. People, 10 Barb. 35, cited in People v. Quigg, 59 N. Y. 83–90, in which case the constitutionality of this kind of statute is passed upon. Gildersleeve's Case, supra, is directly in point. The said statute of 1914 but affects the remedy, and does not strip the defendant of any right of adequate relief. Section 597, Code of Criminal Procedure; Gildersleeve v. People, supra, 10 Barb. 44; People v. Sands, 7 Hun, 235; James v. Stull, 9 Barb. 485; Cooley's Const. Lim. (7th Ed.) 405, 406, 516.

The learned counsel for the appellant insists that the question is disposed of by the General Construction Law, being chapter 27, Laws of 1909; chapter 22, art. 5, §§ 93 and 94, Consolidated Laws, vol. 2, p. 1311. Section 93 reads as follows:

"*Effect of Repealing Statute upon Existing Rights.*—The repeal of a statute or part thereof shall not affect or impair any act done, offense committed or right accruing, accrued or acquired, or liability, penalty, forfeiture or punishment incurred prior to the time such repeal takes effect, but the same may be enjoyed, asserted, enforced, prosecuted or inflicted, as fully and to the same extent as if such repeal had not been effected."

And he points out that the Gildersleeve Case, supra, was decided prior to the enactment of the said statute. The source of said section 93 is "Former Stat. Con. L. (L. 1892, c. 677) § 31, in part." See Birdseye's Cumming & Gilbert's Consol. Laws, p. 1958; See, too, sections 31 and 32, chapter 677, Laws of 1892. The said section 93 is a substantial re-enactment of the sections last named, which were derived from chapter 21 of the Laws of 1828 (Fifty-First Session, second meeting), page 66. It may be noted that the Statutory Construction Law of 1892 (Laws of 1892, vol. 2, p. 1493) repealed sections 3 and 4 of the said chapter 21, Laws of 1828, and left in force section 5, which reads:

"The repeal of any statutory provision by this act, shall not affect any act done, or right accrued or established, or any proceeding, suit or prosecution had or commenced in any civil case, previous to the time when such repeal shall take effect; but every such act, right and proceeding, shall remain as valid and effectual, as if the provision so repealed had remained in force."

Thus, as this provision was in force when Gildersleeve's Case, supra, was decided (1850), the written rule of statutory construction then was substantially that of the present day.

The order of the County Court of Kings County is affirmed, with $10 costs and disbursements. All concur.